J-A16028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMAR VASHAWN ROZIER | |
| Appellant | No. 1239 WDA 2015 |

Appeal from the Judgment of Sentence April 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012727-2013

BEFORE:  SHOGAN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 27, 2016**

Appellant, Lamar Vashawn Rozier, appeals from the judgment of sentence entered on April 22, 2015, as made final by the denial of his post-sentence motion on July 23, 2015, following his jury convictions of possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, and carrying a firearm without a license.[1]  We affirm Appellant's convictions, but remand for resentencing.

We briefly summarize the facts and procedural history of this case as follows.  On June 19, 2013, the Allegheny County Sheriff's Office responded to a call of shots fired on the Northside in Pittsburgh, Pennsylvania and a

_____

[1]   35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), and 18 Pa.C.S.A. § 6106(a)(1), respectively.  The trial court also conducted a concurrent bench trial and found Appellant guilty of persons not to possess a firearm under 18 Pa.C.S.A. § 6105(a)(1).


*Retired Senior Judge assigned to the Superior Court.

white van fleeing the scene. Shortly thereafter, Deputy Randy Grossman pulled over a white van matching that description on the McKees Rocks Bridge. The driver, Jerrell Knight, identified himself as a jitney driver. Appellant was in the passenger seat. Knight complied with Deputy Grossman's directives to keep his hands visible during the traffic stop, but Appellant did not. Appellant continued moving inside the vehicle. Once Deputy Grossman removed Knight from the vehicle, Knight told the officer that Appellant put a firearm in the vehicle's glove compartment. Deputy Grossman searched the vehicle and recovered a loaded Smith and Wesson .38 special revolver from the glove compartment. Appellant did not have a valid license to carry a firearm. In a search incident to his arrest, Deputy Grossman recovered 42 individual packets of heroin and $298.00 in cash from Appellant's pockets. Police also recovered two unidentified cell phones from the floor of the passenger side of the car.

On November 25, 2014, a jury convicted Appellant of PWID, possession of a controlled substance and carrying a firearm without a license. The trial court subsequently found Appellant guilty of persons not to possess a firearm at the conclusion of a concurrent bench trial. This timely appeal resulted.[2]

_____

[2] Appellant filed a timely post-sentence motion after the trial court granted an extension. On July 23, 2015, the trial court denied relief. Appellant filed a notice of appeal on August 10, 2015. On August 19, 2015, the trial court entered an order directing Appellant to file a concise statement of errors
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues for our review:

I. Whether the evidence of record was insufficient to support a conviction of possession with intent to deliver since the Commonwealth failed to show that [] Appellant intended to deliver the controlled substance?

II. Whether the evidence of record was insufficient to support [Appellant's] conviction [] of carrying a firearm without a license since he did not possess the firearm?

III. Whether the verdict of the jury for possession with intent to deliver and carrying a gun without a license is against the weight of the evidence in this case?

IV. Whether the lower court erred in sentencing by failing to take into consideration that [] Appellant took many classes in jail, was in a drug pod for a significant period of time, and participated in a drug program, the reentry program and the hope program in jail? Whether the lower court also erred by giving consecutive sentences, and failing to determine if [] Appellant was eligible for RRRI, CIP, SIP or if the court costs were waived?

Appellant's Brief at 7 (complete capitalization and suggested answers omitted).

Appellant's first two issues challenge the sufficiency of the evidence presented by the Commonwealth with regard to his convictions for PWID and carrying a firearm without a license. We will examine those claims together.

_____

*(Footnote Continued)* _____

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on September 1, 2015. On December 10, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant claims the Commonwealth failed to present sufficient evidence that he possessed the heroin, recovered from his jacket, with the intent to deliver it. *Id.* at 12. Instead, Appellant maintains he "credibly testified that he was a heroin addict and used between thirty and sixty stamp bags a day [and] snorted the heroin off his hand while he was in the van." *Id.* at 12-13. He claims no one saw him selling drugs or suggested he did. *Id.* at 13.

"A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted). Our standard of review is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be

based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

*Id.* (citations and quotations omitted).

When reviewing a challenge to the sufficiency of the evidence with regards to a PWID conviction,

[t]he Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver.

In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance.

***Commonwealth v. Lee***, 956 A.2d 1024, 1028 (Pa. Super. 2008) (internal citation omitted). Further, our Supreme Court explained:

Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237–1238 (Pa. 2007).

Here, police recovered 42 individually packaged bags of heroin and "[a]round $300[.00] in random denomination currency." N.T., 11/24/2014, at 111. An expert for the Commonwealth testified that the presence of cash on Appellant's person, the two cellular phones recovered from the area near

Appellant's feet, and a lack of paraphernalia showed the narcotics were possessed with intent to deliver them. *Id.* at 119, 123-124. Moreover, he opined that the packaging of the drugs was indicative of drug sales, because smaller, individual bags are more expensive to purchase and drug users tend to buy in bulk for personal consumption. *Id.* at 120-123. Based upon our standard of review, we find the foregoing evidence was sufficient to support Appellant's PWID conviction.

Next, with regard to carrying a firearm without a license, Appellant argues the evidence was insufficient because: (1) police found the firearm in a vehicle he did not own; (2) there was no physical evidence Appellant handled the weapon, (3) there was another passenger in the front seat before Appellant, and; (4) Knight, the jitney driver, testified against Appellant only after the Commonwealth agreed to not prosecute Knight. Appellant's Brief at 15.

"[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S.A. § 6106. Because Appellant was not in physical possession of the firearm, the Commonwealth was required to establish that he had constructive possession of it to support his conviction:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising

- 6 -

> from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013).

Here, Deputy Grossman testified that he was responding to a call of gunshots fired. N.T., 11/24/2014, at 32. When pulling over the vehicle at issue, Appellant initially got out of the car and police ordered him back inside. *Id.* at 36. The jitney driver, Jerrell Knight, complied with Deputy Grossman's initial demand to show his hands, but Appellant, who was sitting in the front passenger seat, did not obey. *Id.* at 39. Deputy Grossman testified that, despite the van having tinted windows, he could see Appellant was moving around the passenger compartment. *Id.* at 39, 44. Appellant would not exit the vehicle when police ordered him to. *Id.* at 41. Deputy Grossman opined that based upon the size of the vehicle, Knight would not have been able to reach across the car and place the gun in the glove compartment with the officer watching him. *Id.* at 44.

The Commonwealth also presented the testimony of Knight. Initially, the Commonwealth made the jury aware that Knight had been charged with carrying a firearm without a license, but those charges would be dropped in exchange for his testimony in this case. N.T., 11/24/2014, at 74-75. Knight testified that when police pulled the vehicle over, Appellant took a firearm from his waistband and put it in the glove compartment. *Id.* at 82. When

police were handcuffing Knight, he told the officers what Appellant had done. *Id.* at 83.

Viewing the evidence in the light most favorable to the Commonwealth, as our standard requires, we find there was sufficient evidence that Appellant constructively possessed the firearm. Police were responding to shots fired when they pulled over the vehicle in question. Appellant immediately exited the vehicle, was ordered by police back inside, and then continued moving around despite being told to show his hands. Appellant displayed behavior indicative of a consciousness of guilt, specifically, trying to distance himself from the vehicle and making movements near the glove compartment, where the gun was recovered, despite police commands to stop. *See Commonwealth v. Hughes*, 865 A.2d 761, 792 (Pa. 2004) ("The conduct of an accused following a crime, including 'manifestations of mental distress,' is admissible as tending to show guilt."). The jitney driver immediately told police that Appellant took a gun from his waistband and placed it in the glove compartment where police found it, directly in front of where Appellant was last sitting. In totality, the evidence was sufficient to show Appellant exercised conscious dominion and control over the firearm to support his conviction.

In his third issue presented, Appellant maintains his convictions for PWID and carrying a firearm without a license were against the weight of the evidence. Appellant essentially relies upon his same arguments in challenging the sufficiency of the evidence. Appellant's Brief at 16-17.

The standard of review employed when deciding a weight of the evidence claim is well-settled:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, [our Supreme Court has] explained:

> The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations and quotations omitted).

Upon review, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim. Based on the evidence presented, as set forth at length above, the jury's verdict did not shock one's sense of justice. The judgment was reasonable, the law was properly applied and record shows that the trial court's decision was not the result of partiality, prejudice, bias or ill-will. As such, Appellant is not entitled to relief on this claim.

In his last issue presented, Appellant challenges the sentences imposed by the trial court. More specifically, Appellant claims the trial court: (1) failed to take into consideration his rehabilitative efforts while imprisoned; (2) sentenced Appellant to consecutive terms of imprisonment resulting "in an unfair sentence[,]" and; (3) did not make a record determination whether Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI) program. Appellant's Brief at 19-20.

The RRRI Act provides (1) that a sentencing court must designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) that a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and does not demonstrate a history of present or past violent behavior. 61 Pa.C.S.A. § 4503. Recently, this Court determined "that it is legal error to fail to impose a RRRI minimum on an eligible offender. A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence." **Commonwealth v. Hodge**, 2016 WL 4088092, at *2 (Pa. Super. 2016) (brackets and internal citation omitted). "An illegal sentence must be vacated." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). The Commonwealth concedes that Appellant's sentence is illegal and agrees to remand the case for the trial court to make the statutorily mandated, on the record, RRRI eligibility determination. Commonwealth's Brief at 27. We agree. Moreover, because Appellant is entitled to resentencing, his remaining, discretionary sentencing claims are moot.

Accordingly, based upon all of the foregoing, we affirm Appellant's convictions, but vacate Appellant's sentence and remand for the trial court to determine Appellant's RRRI eligibility.

Convictions affirmed. Sentences vacated. Remand for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2016