J-S92006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN LEO GRAVES, | |
| Appellant | No. 2024 WDA 2015 |

Appeal from the Judgment of Sentence November 24, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013769-2014

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 20, 2017**

Appellant, Marvin Leo Graves, appeals *pro se* from the judgment of sentence entered on November 24, 2015, in the Allegheny County Court of Common Pleas.  We affirm.

The trial court provided the following factual background:

The Commonwealth presented testimony of two Pittsburgh Police Officers Louis Schweitzer and Matthew Poling, who were on patrol in the Homewood and Larrimer Sections of the City of Pittsburgh.  They had been assigned that area since the Serenity Night Club was open during the weekend and that area was a high crime area, having numerous fights and shots fired in and around that club.  The two Officers were conducting a park and walk around the area of the night club illuminating motor vehicles to see if they could identify any guns in plain view.

---

[*]  Retired Senior Judge assigned to the Superior Court.

The Officers came upon a four-door white Volkswagen parked on Enterprise Street and when they illuminated the interior of the car, they saw a gun. Officer Poling indicated that he observed this gun in the driver's side rear seat pocket. The Officers then decided to set up surveillance of this automobile from a parking lot directly across the street from where the Volkswagen was parked. While observing that car, they saw a black male walk up to the car, open the driver's door and get in the car and sit there briefly. This individual, who was later identified as Graves, then got out of the vehicle but reached through the left rear window of the vehicle and retrieved an item from the back of the vehicle, which was approximately four by six inches. The Officers could not identify what the item was but did note that the individual who got into the car walked to the trunk area of the car, opened the trunk, and put the object that he had taken from the interior of the vehicle into the trunk. This individual then got back into the driver's seat and shortly thereafter was joined by another individual who got into the front passenger seat and two more individuals, who got into the back seat of this vehicle. The vehicle took off and proceeded along Hamilton Avenue until it reached the intersection of East Liberty Boulevard. Once the vehicle left the Serenity Club, Officers Schweitzer and Poling decided to follow the vehicle and when it approached the intersection of Hamilton Avenue and East Liberty Boulevard, it failed to indicate that it was making a turn, when it turned onto East Liberty Boulevard.

When the Officers began to follow Graves' automobile, they activated the camera mounted in the Officers' patrol car. Officer Schweitzer made a traffic stop for the turn signal violation and since they had previously seen a gun in the vehicle, they ordered all of the occupants out of the vehicle for the Officers' safety so that they could locate the gun. While these individuals were getting out of the car, Officer Livesey who was providing backup protection to Officers Schweitzer and Poling, told Officer Schweitzer that there was a bag of marijuana in the rear pocket of the driver's seat. These Officers illuminated that area and the other Officers saw the bag of marijuana. This was the same pocket where the gun had been observed, but there was no gun in that pocket. Since Officers Schweitzer and Poling had seen Graves take an object from the car and put it in the trunk, the trunk area was searched and the Officers found a forty-four Magnum revolver.

Trial Court Opinion, 7/28/16, at 3-5.

On November 28, 2014, Appellant was charged with persons not to possess a firearm and possession of a firearm without a license. Appellant filed a motion to suppress physical evidence, alleging that the traffic stop and search of Appellant's car were illegal. Motion to Suppress, 3/5/15, at ¶5. The suppression motion was denied on July 20, 2015. On August 27, 2015, following the jury trial, Appellant was found guilty of both charges. On November 24, 2015, the trial court sentenced Appellant to a term of five to ten years of incarceration for persons not to possess a firearm and a consecutive three-year term of probation for the conviction for possession of a firearm without a license.

Appellant filed a timely appeal. On March 24, 2016, Appellant's counsel filed a motion to withdraw and a request for an order remanding the matter to the trial court for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).[1] In an order filed on April 1, 2016, this Court remanded this case to the trial court to hold a *Grazier* hearing. Following the *Grazier* hearing, counsel's motion to withdraw was granted, and the trial court entered an order permitting Appellant to represent

---

[1] *Grazier* hearings are utilized to determine if a criminal defendant's waiver of counsel is knowing, intelligent, and voluntary. *Grazier*, 713 A.2d at 82.

himself on appeal.[2]   Both Appellant and the trial court have complied with

Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

I.     DID OFFICERS ARTICULATE THE REQUISITE PROBABLE
       CAUSE TO STOP THE APPELLANT'S VEHICLE FOR MVC
       VIOLATION 75 PA. C.S.A.3334(b)?

II.    WAS THE TRIAL EVIDENCE SUFFICIENT IN LAW, TO
       PROVE POSSESSION BEYOND A REASONABLE DOUBT?

Appellant's Brief at 6 (verbatim).

When an appellant raises both a sufficiency-of-the-evidence issue and

a suppression issue, we address the sufficiency of the evidence supporting

the conviction first, and we do so without a diminished record:

> [W]e are called upon to consider all of the testimony that was
> presented to the jury during the trial, **without consideration
> as to the admissibility of that evidence**.   The question of
> sufficiency is not assessed upon a diminished record.   Where
> improperly admitted evidence has been allowed to be considered
> by the jury, its subsequent deletion does not justify a finding of
> insufficient evidence.   The remedy in such a case is the grant of
> a new trial.

***Commonwealth v. Sanford***, 863 A.2d 428, 432 (Pa. 2004) (citation

omitted) (emphasis in original).

_____

[2]  While Appellant elected to represent himself, his status as a *pro se* litigant
does not entitle him to any advantage due to his lack of legal training.
***Commonwealth v. Ray***, 134 A.3d 1109, 1114 (Pa. Super. 2016).  Rather,
a *pro se* litigant, to a reasonable extent, assumes the risk that his lack of
legal training will place him at a disadvantage.  ***Id***.

Our standard of review for a sufficiency-of-the-evidence claim is well settled:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict-winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our own judgment for that of the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting *Commonwealth v. Robertson-Dewar*, 829 A.2d 1207, 1211 (Pa. Super. 2003)). Furthermore:

> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Mucci*, 143 A.3d 399, 409 (Pa. Super. 2016).

As stated above, Appellant was convicted of persons not to possess a firearm and possession of a firearm without a license.  The focus of Appellant's challenge to the sufficiency of the evidence is that the Commonwealth failed to prove that he possessed a firearm.  While the record supports Appellant's claim that the firearm was not discovered on his

person, the Commonwealth may satisfy its burden by demonstrating constructive possession.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted).

Here, the trial court addressed this issue as follows:

> In examining the record in the light most favorable to the Commonwealth and all the reasonable inferences drawn therefrom, it is clear that the Commonwealth established beyond a reasonable doubt that [Appellant] was guilty of [persons not to possess a firearm and possession of a firearm without a license]. Officers Schweitzer and Poling were patrolling an area near the Serenity Night Club in light of the fact that there had been numerous incidents involving fights and shootings around that facility. While walking the streets, they illuminated cars that were parked there to see if there were any weapons in sight. When they came to a four-door Volkswagen automobile, they noticed a 44 magnum in the pocket of the back of the driver's seat. These Officers took up surveillance of that motor vehicle to see who would come to that vehicle and saw [Appellant] go to the vehicle, get in and sit in the driver's seat for a brief period of time, and then exit the vehicle and then lean through the rear passenger window and take a small object out of the back of the vehicle and then place that object in the trunk of that vehicle. [Appellant] then got back into the driver's seat and was joined by three other individuals. As a result of a traffic violation, a stop was made and a search of the car then ensued. The Officers were concerned with locating the weapon, however, it was no longer in the pocket of the driver's seat but rather the Officers found a bag of marijuana, which was in plain view. When the

Officers looked into the trunk, they found the 44 magnum revolver which they had originally seen in the pocket of the driver's seat.

The Commonwealth can prove its case by both direct and circumstantial evidence and it is clear that the evidence demonstrated that there was a gun in this vehicle, that after [Appellant] had reached into the back seat area and placed an object in the trunk of the car, the gun was no longer in the interior of the car but, rather, was in the trunk. The gun was in the interior prior to [Appellant] getting into the car and was in the trunk after he had placed an object there. The clear and unmistakable inference to arise therefrom is that [Appellant] took the gun from the interior of the car and placed it in the trunk.

Trial Court Opinion, 7/28/16, at 9-10. We agree with the trial court. Pursuant to our standard of review, the evidence was sufficient to establish that Appellant had the power to control the firearm and, in fact, exercised that control. Therefore, the Commonwealth established that Appellant constructively possessed the firearm. **Hopkins**, 67 A.3d at 820. Appellant is due no relief on this issue.

Having concluded that the evidence was sufficient to convict Appellant of the crimes with which he was charged, we now address Appellant's suppression issue. Specifically, Appellant claims that the police did not "articulate the requisite probable cause to stop the appellant's vehicle for a

[Motor Vehicle Code] violation [pursuant to] 75 Pa. C.S.A. 3334(b)."

Appellant's Brief at 6.[3]

> Our standard of review is as follows:
>
> In evaluating a suppression ruling, we consider the evidence of the Commonwealth, as the prevailing party below, and any evidence of the defendant that is uncontradicted when examined in the context of the record. ***Commonwealth v. Sanders***, 42 A.3d 325, 330 (Pa. Super. 2012). This Court is bound by the factual findings of the suppression court where the record supports those findings and may only reverse when the legal conclusions drawn from those facts are in error. ***Id***.

_____

[3] We point out that Appellant's statement of questions presented challenges only the traffic stop; it does not mention the subsequent search of the vehicle. Accordingly, any challenge to the search of Appellant's vehicle is waived. ***Commonwealth v. Hodge***, 144 A.3d 170, 172 n.4 (Pa. Super. 2016); Pa.R.A.P. 2116(a). However, had Appellant properly presented a challenge to the search of the vehicle in his appeal, we would conclude that his suppression motion was properly denied. It is well-settled that "[t]he police have probable cause where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." ***Commonwealth v. Hernandez***, 935 A.2d 1275, 1284 (Pa. 2007) (quotation and citations omitted). "We evaluate probable cause by considering all relevant facts under a totality of circumstances analysis." ***Id***. Moreover, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more." ***Commonwealth v. Gary***, 91 A.3d 102, 111-112 (Pa. 2014) (quoting ***Pennsylvania v. Labron***, 518 U.S. 938, 940 (1996)). Herein, when the police officers approached Appellant's vehicle after the traffic stop they saw the bag of suspected marijuana in plain sight. Under the totality of the circumstances, the possession of the marijuana, coupled with the earlier sighting of the firearm, provided probable cause for the police to conclude that the car contained contraband and search the vehicle. While this was not the precise rationale for the trial court's denial of the motion to suppress, were we to reach this issue, it is well settled that we may affirm on any correct basis. ***Commonwealth v. Ahlborn***, 683 A.2d 632, 641 n.14 (Pa. Super. 1996).

*Commonwealth v. Haynes*, 116 A.3d 640, 644 (Pa. Super. 2015).

Moreover, on October 30, 2013, our Supreme Court in *In re L.J.*, 79 A.3d

1073 (Pa. 2013), clarified that the scope of review of orders granting or

denying motions to suppress is limited to the evidence presented at the

suppression hearing. Because Appellant's suppression hearing post-dates

the filing date of *L.J.*, which was held to be prospective, *L.J.* applies to this

case. *Commonwealth v. Caple*, 121 A.3d 511, 517 n.1 (Pa. Super. 2015).

Under the Motor Vehicle Code, 75 Pa.C.S. § 101 *et seq*., the power of

a police officer to conduct a traffic stop is authorized as follows:

> **(b) Authority of police officer.**--Whenever a police officer is
> engaged in a systematic program of checking vehicles or drivers
> or has reasonable suspicion that a violation of this title is
> occurring or has occurred, he may stop a vehicle, upon request
> or signal, for the purpose of checking the vehicle's registration,
> proof of financial responsibility, vehicle identification number or
> engine number or the driver's license, or to secure such other
> information as the officer may reasonably believe to be
> necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b). "However, if the violation is such that it requires no

additional investigation, the officer must have probable cause to initiate the

stop." *Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013)

(citing *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010)).

"Put another way, if the officer has a legitimate expectation of investigatory

results, the existence of reasonable suspicion will allow the stop—if the

officer has no such expectations of learning additional relevant information

concerning the suspected criminal activity, the stop cannot be

constitutionally permitted on the basis of mere suspicion." *Id*. (quoting *Commonwealth v. Chase*, 960 A.2d 108, 115 (Pa. 2008)).

The Motor Vehicle Code provides as follows:

> **(b) Signals on turning and starting**.--At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. The signal shall be given during not less than the last 300 feet at speeds in excess of 35 miles per hour. The signal shall also be given prior to entry of the vehicle into the traffic stream from a parked position.

75 Pa.C.S. § 3334(b). Here, further investigation would not have helped establish whether Appellant turned without using his signal; therefore, the police officer was required to possess probable cause to initiate the traffic stop. *Brown*, 64 A.3d at 1105.

The record from the suppression hearing reveals that Officer Louis Schweitzer testified that while following the vehicle, "[t]he driver failed to activate his turn signal at least 100 feet prior to making a turn." N.T., 6/24/15, at 11. The Commonwealth also provided dash-mounted camera footage that supported Officer Schweitzer's testimony. *Id*. at 10.

After review, we conclude that Officer Schweitzer articulated facts that caused him to possess probable cause that the driver of the subject vehicle was in violation of section 3334 of the Motor Vehicle Code. Thus, the traffic stop was properly effectuated. Accordingly, we find no error in the denial of Appellant's suppression motion.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2017