J-S09007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAHLIL DAVIS, | |
| Appellant | No. 2544 EDA 2015 |

Appeal from the PCRA Order July 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002625-2008, CP-51-CR-0003742-2008

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 29, 2017**

Appellant, Kahlil Davis, appeals from the July 21, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In addressing Appellant's direct appeal, a prior panel of this Court set forth the underlying facts of this case as follows:

The facts, as aptly stated by the trial court, are as follows:

> On November 24, 2007, Mr. Omar O'Neal ("O'Neal") was getting his hair cut at a barbershop located at 54th and Christian Streets, Philadelphia.  Also present at the barbershop were the owner, Mr. Darryl Perry, several employees including Mr. O'Neal's brother, Mr. Samuel Bailey, and several

_____

[*]  Retired Senior Judge assigned to the Superior Court.

customers. At approximately 8:30 p.m., three individuals, including the Appellant, entered the establishment and produced firearms. They immediately ordered everyone inside to get down on the ground, and physically struck some of the victims to facilitate their demand. One of the robbers stated "Where is all this money at?" and "we're about to start stripping y'all." Once every occupant was positioned on the floor, the three individuals began searching each of their pockets. During the search, a firearm was discovered in Mr. Perry's possession. Angered, the individual who recovered the firearm proceeded to strike Mr. Perry in the back of the head with it. Discussions [among] the robbers ensued regarding whether to shoot everyone. Mr. O'Neal testified that at that time he looked up and observed the Appellant wearing a large tan coat with a dark hood on, light blue "True Religion" jeans, ripped at the bottom, and carrying a firearm in his hand. No one else testified that they had an opportunity to view the Appellant's face. After the individuals collected currency and personal items to their satisfaction, they left the barbershop together. A threat was issued indicating their intention to begin shooting if anyone attempted to impede their escape. Within several minutes of the robbers' departure on foot, several police officers arrived at the barbershop.

Mr. O'Neal gave a statement to a police officer within forty-five minutes of the robbery. The written responses on the police report indicated that Mr. O'Neal did not observe any guns, and that he would be unable to recognize any of the males if he saw them again. Mr. O'Neal, who testified he was distraught during the time he gave a statement, indicated he began to remember details from the robbery later that evening. He specifically recalled observing exactly one of the participants of the robbery, a man he had never seen before prior to that day.

On November 26, 2007, Police Officer Tyreek Cunningham and his partner were on patrol near the

- 2 -

area of the robbery, conducting an investigation. Near the 700 block of Cecil Street, Officer Cunningham observed the Appellant standing on the corner with another male later identified as James Henderson. The Appellant, who began walking away eastbound, reaching toward his waist area, removed a black handgun, and dropped it into nearby bushes. After discarding the handgun, the officers drove toward the individuals and exited their vehicle. The Appellant began running away, but was immediately apprehended. Officer Cunningham then proceeded to walk toward the bushes where the firearm was discarded. As he was recovering the firearm, the Appellant again attempted to run away while handcuffed. Appellant's efforts to flee were unsuccessful however as the officers grabbed him and secured him in the back of the police vehicle. The firearm was identified as a .357 Caliber Sigsauer, serial number U71038, matching the firearm taken from Mr. Perry during the robbery two days prior. The firearm and ammunition were tested by a qualified ballistics expert and determined to be operable. Based on a certificate of non-licensure, the Appellant did not have a valid permit to carry a firearm on either November 24, 2007 or November 26, 2007.

In the evening of November 26, 2007, Mr. O'Neal along with the six other victims viewed two photo arrays consisting of eight individuals. Mr. O'Neal was the only victim to give a positive identification, picking out the Appellant who was included in one of the arrays.

Trial court opinion, 1/27/10 at 1-3 (citations omitted). O'Neal later identified [A]ppellant again under oath at trial, and Perry identified his gun at trial. (Notes of testimony, 11/21/08 at 26-7, 70-71.) O'Neal testified that [A]ppellant was the only perpetrator not wearing a mask during the robbery. (*Id.* at 36.) Following a jury trial, [A]ppellant was convicted of [eight counts of robbery, as well as aggravated assault, criminal conspiracy, and violations of the Uniform Firearms Act] on November 24, 2009. On January 22, 2009, [A]ppellant was sentenced to a

- 3 -

term of 15 to 30 years of incarceration to be followed by 10 years of probation.

***Commonwealth v. Davis***, 13 A.3d 980, 569 EDA 2009 (Pa. Super. filed September 13, 2010) (unpublished memorandum at *1-*4). Appellant filed a timely notice of appeal, and this Court affirmed Appellant's judgment of sentence. ***Id***. Appellant filed a petition for allowance of appeal in the Pennsylvania Supreme Court that was denied on June 28, 2011. ***Commonwealth v. Davis***, 23 A.3d 1054, 574 EAL 2010 (Pa. 2011).

On June 7, 2012, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on December 12, 2013. An evidentiary hearing was held on July 21, 2015, and the PCRA court denied Appellant's petition that same day. This timely appeal followed; both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

> I.      Did the PCRA Court err when it dismissed [Appellant's] Amended Petition without a Hearing and all where [Appellant] properly pled and would have been able to prove and did in fact prove that [Appellant] was entitled to relief?

Appellant's Brief at 3.[1]

---

[1]   We are constrained to point out that contrary to Appellant's assertion in his issue presented, the PCRA court did in fact hold an evidentiary hearing in
*(Footnote Continued Next Page)*

While not immediately evident from Appellant's question presented, Appellant is alleging that trial counsel was ineffective for failing to challenge the weight of the evidence. As this claim was specifically raised in Appellant's Pa.R.A.P. 1925(b) statement and presented in the argument portion of Appellant's brief, we decline to find waiver for Appellant's failure to more fully articulate this issue in his statement of questions presented. *Cf. Commonwealth v. Hodge*, 144 A.3d 170, 172 n.4 (Pa. Super. 2016) (citing Pa.R.A.P. 2116(a)) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Additionally, in resolving questions of counsel's effectiveness, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim

*(Footnote Continued)* ———————

this matter on July 21, 2015. Thus, we reject that portion of his argument outright.

- 5 -

has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Id***. (citation omitted). A claim of ineffective assistance of counsel will fail if the petitioner does not satisfy all three prongs. ***Id***. "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012). "The burden of proving ineffectiveness rests with Appellant." ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007). We note also that trial counsel cannot be deemed ineffective for failing to pursue meritless claims. ***Commonwealth v. Freeland***, 106 A.3d 768, 778 (Pa. Super. 2014).

Here, Appellant avers that counsel was ineffective in failing to file a post-sentence motion. To support this assertion of ineffectiveness, Appellant claims that the identification testimony was unreliable resulting in a verdict that was against the weight of the evidence and, therefore, he deserves a new trial. Appellant's Brief at 9-10. We disagree.

When reviewing issues concerning the weight of the evidence we note that the jury is free to believe all, part, or none of the evidence presented and to determine the credibility of the witnesses. ***Commonwealth v.***

*Houser*, 18 A.3d 1128, 1136 (Pa. 2011) (citation omitted). A new trial based on a challenge to the weight of the evidence is warranted only where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. *Id*.

As noted above, following the robbery, one of the victims, Mr. O'Neal, initially gave conflicting statements regarding Appellant's identity. However, after reflection he was able to recall the events more clearly, and at trial Mr. O'Neal positively identified Appellant. Additionally, another victim, Mr. Perry, identified a gun that was stolen from him during the robbery, which was subsequently recovered from Appellant. After review, we conclude that the jury weighed the identification evidence and concluded that Appellant was in fact the perpetrator. There is nothing "shocking" about the jury's conclusion. We cannot conclude that there is a reasonable likelihood that, if trial counsel had filed a post-sentence motion challenging the weight of the evidence, the result of these proceedings would have been any different. Accordingly, we agree with the PCRA court that even if Appellant's claim had been properly presented in a post-sentence motion, "there is no prejudice since the underlying claim itself lacks merit." PCRA Court Opinion, 7/20/16, at 15. Thus, Appellant cannot sustain a claim of ineffective assistance of counsel.

For the reasons set forth above, we discern no error of law or abuse of discretion in the PCRA court's decision.  Accordingly, we affirm the July 21, 2015 order that denied Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017