J-A12015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH BROWN, JR. | |
| Appellant | No. 1172 MDA 2020 |

Appeal from the Order Entered August 10, 2020
In the Court of Common Pleas of Lancaster County
Civil Division at No: CP-36-CR-0000353-2009

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE. J.:                    **FILED: SEPTEMBER 9, 2021**

Appellant, Kenneth Brown, Jr., appeals from the order the Lancaster County Court of Common Pleas entered on August 10, 2020, dismissing Appellant's petition for *habeas corpus* filed August 7, 2020.  In his petition, Appellant claims the lower court erred in accepting his guilty plea when there was no evidence that he could be held legally responsible for the underlying criminal conduct.  Accordingly, Appellant concludes, he should be released from prison.

The lower court treated the petition as subject to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because Appellant failed to show that the petition was timely, the lower court dismissed it as untimely. We agree.

We can summarize the background of the instant appeal as follows.

[On January 29, 2010,] Appellant pled guilty to third degree murder, theft, flight to avoid apprehension, false imprisonment, abuse of corpse, and tampering with physical evidence. He received an aggregate sentence of 30 to 60 years. No post-sentence motions were filed, and Appellant did not file a direct appeal. [On December 2, 2010,] Appellant filed a *pro se* petition under the PCRA, and the court appointed counsel to represent him. Counsel filed an amended PCRA petition, which was denied [on February 29, 2012,] after a hearing, and Appellant [timely appealed].

*Commonwealth v. Brown*, No. 532 MDA 2012 (Pa. Super. filed July 10, 2012) at 1-2.

On appeal from the denial of his first PCRA petition, Appellant raised several claims of ineffective assistance of counsel in connection with the guilty plea. We agreed with the PCRA court and affirmed the PCRA court's decision. *See id.*

Appellant filed the underlying petition on August 7, 2020. The PCRA court denied it on August 10, 2020. On September 9, 2020, Appellant filed his *pro se* notice of appeal. The PCRA court ordered Appellant to file a statement of matters complained of on appeal and directed the Commonwealth to file an answer in response. *See* PCRA Court Opinion, 11/12/20, at 2. Both parties complied. This appeal followed.

In the instant appeal, Appellant raises a plethora of claims for our review, cabined into three questions for our review.[1] Because the third issue disposes of the instant appeal, we need not address the first two issues.

In his third issue, Appellant challenges the PCRA's court characterization of the underlying petition as an untimely PCRA petition. Specifically, Appellant

_____

[1] Appellant phrased his claims as follows:

1. Whether the trial court erred/or abused its discretion in not addressing the factual and legal issues set forth in Appellant's original petition for writ of habeas corpus and/or in not affording him an opportunity to be heard (i.e. a hearing) or an opportunity to file an amended habeas corpus petition?

2. Whether the trial court erred and/or abused its discretion in not addressing the facts set forth in Appellant's "Motion for Reconsideration of August 10th, 2020 order and/or Leave to File Amended Petition for Writ of Habeas Corpus" or in not addressing the factual and legal issues set forth in Appellant's Amended Petition for Writ of Habeas Corpus attached to his motion beforementioned?

3. Whether the trial court lacked jurisdiction over the subject matter or to entertain Appellant's guilty plea and/or erred and/or abused its discretion in sentencing Appellant?

Appellant's Brief at 4. We construe the third issue as a challenge to the PCRA court's decision to treat Appellant's petition for writ of *habeas corpus* as an untimely PCRA petition.

In the argument section of this brief, Appellant seems to articulate additional grounds for relief, such as the trial court's inherent authority to correct obvious errors, Appellant's inability to pay restitution, and provocation. As these additional claims/grounds are not fairly suggested by the actual questions presented, we find them waived. **See** Pa.R.A.P. 2116(a); **Commonwealth v. Hodge**, 144 A.3d 170, 172 n.4 (Pa. Super. 2016).

argues that he was temporarily insane or under the influence of drugs or alcohol at the time of the offense or at the time of the guilty plea.[2]  Because the Commonwealth did not disprove evidence of his insanity and/or incompetence, according to Appellant, the trial court erred in accepting Appellant's guilty plea.  According to Appellant, such an error can be raised in a petition for writ of *habeas corpus*.  Yet, Appellant never explains why the lower court erred in finding the issues raised here as subject to the PCRA, despite being the principle ground, if not the sole ground, upon which the lower court denied relief.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.  42 Pa.C.S.A. § 9545(b)(1).  "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely,

_____

[2] Appellant claims his alleged insanity and incompetence interchangeably affected Appellant at the time of the underlying crimes, guilty plea, and sentencing.  Appellant explained that he became aware of the insanity and incompetence issues only after sentencing, thanks to his "cellie".  Appellant also noted that it "is his cellie's layman's opinion that [Appellant] is still suffering from the alcohol and drugs, and therefore, he is still being assisted." Appellant's Brief at 21, n.5.

- 4 -

neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

We agree with the (*de facto* unchallenged) lower court's decision to characterize Appellant's challenge as a claim subject the PCRA. "[B]oth the PCRA and the state corpus statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." *Commonwealth v. Hackett*, 956 A.2d 978, 985 (Pa. 2008) (citation omitted); *see also Commonwealth v. Koehler*, 229 A.3d 915, 929 (Pa. 2020). As in *Hackett*, Appellant's claims, at their heart, challenge the conviction as wrongful, which the PCRA is intended to address. Accordingly, because Appellant's claims challenge the validity of his conviction, and in light of the expansive view we must take with regard to the PCRA's eligibility requirements, *see Hackett*, 956 A.2d at 986, we conclude that the lower court did not err in finding that Appellant's claims are cognizable under the PCRA.

Additionally, we agree with the trial court that the instant petition, which was filed on August 7, 2020, is untimely. Appellant's judgment became final at the expiration of the time to appeal to our Court, *i.e.*, March 1, 2010. At that point, Appellant had one year to file a timely PCRA petition, *i.e.*, March 1, 2011. Because the instant petition was filed on August 7, 2020, the petition is facially untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that one of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. "It is the appellant's burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted). Similarly, "[t]he PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1279 (Pa. Super. 2013). Because Appellant failed to allege and prove the applicability of any exception, we conclude the lower court properly found that the instant petition was untimely.

Because the underlying petition is untimely, neither the PCRA court nor this Court can entertain the merits of the petition. ***See***, ***e.g.***, ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, courts have no jurisdiction to entertain the petition); ***Chester***, ***supra*** (same). Accordingly,

we conclude that the PCRA court properly found that it lacked jurisdiction to entertain the underlying petition. Likewise, since the underlying petition is untimely, we cannot review the merits of any of the claims raised before us. Accordingly, we affirm the order of the lower court.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/09/2021

---

[3] While the instant appeal was pending, Appellant filed two applications for extraordinary relief, seeking immediate release from prison principally for the reasons stated in his August 7, 2020 petition. In light of our disposition, said applications are denied as moot.