J-S10017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                       : PENNSYLVANIA
                                                       :

          v.                                :
                                                       :

JAMES EDWARD SMITH           :
                                                       :

          Appellant             : No. 553 MDA 2021

Appeal from the PCRA Order Entered April 20, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002908-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: JULY 11, 2022**

James Edward Smith appeals from the dismissal of his petition filed
under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. He argues
all prior counsel – trial, appellate, and PCRA counsel – were ineffective. We
affirm.

The court previously summarized the facts at trial as follows:

> On the evening of December 22, 2015, Officers [Alan]
> Shipley and [Michael] Rudy were conducting routine patrol
> with the street crimes unit of the Harrisburg Police
> Department at the 600 block of Geary Street. Officers Rudy
> and Shipley were standing on the front porch of [Smith's]
> home, 612 Geary Street, when he arrive[d] home driving a
> Buick Enclave.[1] Officers later learn[ed] that [Smith] was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The officers were conducting a routine home check on Smith, who was on
probation. N.T., Suppression Hearing, 1/8/18, at 6.

the driver of the vehicle, and was accompanied by Mr. Jukennith Smith, his nephew, in the passenger's side.

Officer Shipley initiated a conversation with [Smith]. During the duration of that conversation Officer Shipley believed that criminal activity was afoot. Officer Rudy asked [Smith] if he would consent to a search of the vehicle he was driving. [Smith] refused to consent to a search of the vehicle stating that it was not his vehicle and Officer Rudy would have to ask his wife, Ms. Clark, for permission. Officer Rudy then asked Ms. Clark if she would consent to having the vehicle searched, and she also declined. Without entering the vehicle, Officer Rudy walked around its perimeter looking through the windows. From walking around the vehicle, Officer Rudy could clearly see a firearm sticking out by approximately two thirds from underneath the driver's seat floorboard. This gun was later identified and stipulated to at trial as being a[] Kel-Tec 9mm semiautomatic handgun. After Officer Rudy saw the gun, he entered the car to retrieve it and placed [Smith] under arrest.

Recorded conversations were played for the jury at trial and authenticated by Officer Rudy. It was stipulated by both parties that in each recording [Smith] was a participant. The Commonwealth's purpose in playing these recordings[ ] was to prove that [Smith] was attempting to find someone else to admit to possession of the firearm. [Smith] also testified at his trial. Throughout the duration of his testimony he attempted to prove that other individuals had access to the vehicle he was driving on the day of the incident. [ ] [Smith] outlined his day, with his testimony indicating that his employees along with his nephew had access to his vehicle.

Trial Court Opinion, 10/22/18, at 2-3 (citations to notes of testimony omitted).

Prior to trial, Smith moved to suppress the gun. He contended, among other things, that the plain view exception to the warrant requirement did not apply because the police officers could not see into the vehicle at nighttime because the vehicle had tinted windows. The court denied the motion.

A jury convicted Smith of possession of a firearm with altered manufacturer's number, persons not to possess firearms, and firearms not to be carried without a license.[2] The trial court sentenced him to an aggregate term of seven to 14 years' imprisonment. Smith filed a post-sentence motion, which the trial court denied. Smith appealed, alleging the court erred in denying his motion to suppress and the Commonwealth presented insufficient evidence of possession to support the conviction. We affirmed the judgment of sentence, and, in April 2020, the Pennsylvania Supreme Court denied Smith's petition for allowance of appeal.

That same month, Smith filed a *pro se* PCRA petition, alleging trial counsel was ineffective for (1) failing to introduce exculpatory evidence— photographs of the vehicle—that would refute the police officer's testimony that they could see into the car; (2) not investigating and calling to testify witnesses; and (3) for going against Smith's wishes and having Smith sign documents under false information.

The court appointed counsel, who filed a ***Turner/Finley***[3] letter. Counsel stated he reviewed Smith's PCRA petition, the docket sheet and trial court file, and correspondence with Smith. He concluded the claims lacked merit and filed a petition to withdraw. The PCRA court granted counsel's petition to withdraw and issued notice of its intention to dismiss the PCRA petition without

---

[2] 18 Pa.C.S.A. §§ 6110.2(a), 6105(a)(1), and 6106(a)(1), respectively.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

a hearing. *See* Pa.R.Crim.P. 907(1).[4] After the court granted Smith extensions of time to file a response to the Rule 907 notice, he filed a response, alleging trial counsel, appellate counsel, and PCRA counsel were ineffective. The court dismissed the petition. Smith filed a timely notice of appeal.[5]

Smith raises the following issues:

> 1. Whether PCRA counsel was ineffective for failing to raise trial counsel and appellate counsel's failure to object to

---

[4] Smith filed two petitions seeking the appointment of new counsel, which the PCRA court denied.

[5] The court ordered Smith to file a concise statement of issues complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Smith filed three documents, all within the 21-day deadline. The trial court appeared to have considered only the first document as a concise statement. In that document, Smith raised the following issues:

> 1) Layered [i]neffective [a]ssistance of [c]ounsel for [c]ounsel on [d]irect [a]ppeal, were ineffective for failing to raise trial [c]ounsel's ineffectiveness for failing to object to impeachment testimony of witness false, allegations under Pa.R.E[vid.] 607(b) of firearm in plain view?
>
> 2) Layered [i]neffective [a]ssistance of [c]ounsel for [c]ounsel on [d]irect [a]ppeal, were ineffective for failing to raise trial [c]ounsel's ineffectiveness for failing to object to the alleged handgun being inoperable. In order to sustain a conviction under Pa.C.S. Section 6106, the alleged firearm must be operable?
>
> 3) Layered [i]neffective [a]ssistance of [c]ounsel for [c]ounsel on [d]irect [a]ppeal, were ineffective for failing to raise trial counsel's ineffectiveness for failing to object to not proving [c]onstructive [p]ossession of a firearm?

Petitioner's Statement of Errors Complain of on Appeal, filed May 19, 2021. In the subsequent documents, Smith also challenged PCRA counsel's effectiveness, counsel's failure to raise a confrontation clause challenge to the forensic report, and myriad other issues.

impeachment testimony of witness false and misleading allegations under the Plain View Doctrine Pa.R.Evi. [sic] 607(b).

2. Whether PCRA counsel was ineffective for failing to raise trial counsel and appellate counsel's ineffectiveness for failing to object to the stipulations of whether the hand gun was inoperable and whether the appellant altered the manufacturing number.

3. Whether PCRA counsel was ineffective for failing to raise trial counsel and appellate counsel's ineffectiveness for failing to object to proving beyond a reasonable doubt that appellant possessed constructive possession.

4. Whether PCRA counsel was ineffective for failing to raise trial counsel and appellate counsel's ineffectiveness and failing to raise a variety of meritorious claims upon review?

5. Whether PCRA counsel was ineffective for failing to raise trial counsel and appellate counsel's ineffectiveness in failing to object to trial court error regarding the prejudicial reasonable doubt instruction provided by the court.

6. Whether PCRA counsel was ineffective for failing to raise trial counsel and appellate counsel's ineffectiveness in failing to raise Confrontation Clause regarding the testimony of the forensic report not testified by forensic expert.

Smith's Br., Statement of Questions Involved.[6]

_____

[6] Smith's reply brief has a different list of questions involved:

1) Whether the trial court erred in dismissing [Smith's] PCRA petition.

2) Whether PCRA counsel was ineffective for failing to raise the ineffectiveness of appellate and trial counsel's ineffectiveness for failing to fully investigate witnesses [Smith] wish[ed] to call for the defense.

3) Whether PCRA counsel was ineffective for failing to raise the ineffectiveness of appellate and trial counsel's ineffectiveness for failing to introduce photographical

*(Footnote Continued Next Page)*

Any claim not included in a statement filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) is waived for appellate purposes. Pa.R.A.P. 1925(b)(4)(vii). Further, an appellant waives any issue not included in, or "fairly suggested" by, the statement of questions involved section of the appellate brief. Pa.R.A.P. 2116(a); **Commonwealth v. Hodge**, 144 A.3d 170, 172 n.4 (Pa.Super. 2016) (finding argument waived where not included in the statement of questions involved).

Smith did not include in any of the documents filed in response to the trial court's order for the filing of a 1925(b) statement a claim that counsel was ineffective for failing to object to the reasonable doubt jury instruction. He therefore waived this claim. **See** Pa.R.A.P. 1925(b)(4)(vii). Further, Smith included claims in his brief that were not included in his statement of questions involved, including, but not limited to, claims that counsel was ineffective for failing to: claim the officers lacked reasonable suspicion that criminal activity

---

evidence that would have changed the outcome of [Smith's] trial if introduced to substantiate [Smith's] claim that the officer fabricated his testimony of seeing into a car with tinted windows to see a firearm present.

4) Whether PCRA counsel was ineffective for failing to raise appellate and trial counsel's ineffectiveness for failing to object to the prosecution[']s use of inadmissible testimony regarding appellant's arrest for drug possession.

Smith's Reply Br. at 1. The third issue Smith raised, which claimed his counsel was ineffective for not using photographs of tint on the vehicle's windows, is in substance the same as the first question presented in his initial brief. The remaining issues, however, were not raised on appeal until his reply brief and are therefore waived. **See Commonwealth v. Collins**, 957 A.2d 237, 259 (Pa. 2008).

- 6 -

was afoot; object to the testimony that Smith had been arrested for possession of drugs; request a jury instruction regarding how the jury should evaluate fingerprint evidence; present an expert to challenge the reliability of the fingerprint evidence; object to the constructive possession jury instruction; and object to the admission of a tape recording between Smith and his wife. Smith has waived these claims by failing to include them in his statement of questions involved. *See* Pa.R.A.P. 2116(a). Although Smith's statement of questions involved does include a claim that PCRA counsel was ineffective for failing to raise prior counsel's ineffectiveness for "failing to raise a variety of meritorious claims upon review," this is claim is too vague to preserve the issues for our review, as the above issues were not "fairly suggested" by the question.

We now address the claims Smith preserved for appellate review. Our standard of review of an order denying PCRA relief is limited to determining "whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v.***

- 7 -

*Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011) (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279). "To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-28 (Pa. 2011).

To be eligible for relief on a claim that appellate or PCRA counsel was ineffective, the petitioner "must meet all three prongs of the . . . test for ineffectiveness" for each counsel. *Id.* (citation omitted). "A failure to satisfy any of the three prongs of the [ineffectiveness] test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of" appellate or PCRA counsel. *Id.* (citation omitted).

Smith contends trial counsel was ineffective for failing to use photographs of the vehicle's tinted windows to contradict the police officer's testimony that he could see inside the car. Smith contends that the gun could not have been in the officer's plain view.

Trial counsel filed a motion to suppress that claimed the plain view exception to the warrant requirement could not apply under the facts of this case because, among other things, it was nighttime and the car had tinted

windows. At the suppression hearing, counsel cross-examined Officer Rudy regarding the tinted windows:

> Q. Officer Rudy, do you recall on the night in question if that vehicle you were looking at had reflective tint on it?
>
> A. It's a Buick Enclave. I know, standard factory, they do have tint, especially on the back windows. I'm confident it had a little bit of tint - -
>
> (The court reporter interrupted.)
>
> [Officer Rudy]: I know Buick Enclaves – **the specific tint or sunscreen this vehicle had it on, I don't know how dark it was. I know that the front windows were -- you were able to see inside of them**.
>
> Q. Okay. So when you shined your flashlight in that window, it doesn't reflect back at you. You actually illuminated the inside of the vehicle?
>
> A. **You could see clear as day inside of that -- the front seat of that vehicle.**

N.T., Suppression Hearing, 1/18/18, at 17 (emphasis added).

The trial court concluded the discovery of the firearm fell within the plain view exception to the warrant requirement, and on direct appeal, we affirmed. ***Commonwealth v. Smith***, No. 1172 MDA 2018, 2019 WL 4598029, at *6 (Pa.Super. filed Sept. 23, 2019) (unpublished memorandum) ("Superior Court Opinion"). We addressed Smith's claim the officer could not have seen inside the vehicle because it was dark, the car had tinted windows, and the officer was unsure whether he used a flashlight. We noted the officer testified the area was well lit and he "assumed" he used a flashlight. We further noted that Smith cross-examined the officer at the hearing regarding the tinted windows,

noting credibility and weight of the testimony was for the fact finder. At trial, although counsel did not mention the tinted windows, or show the photographs that purport to show the tinted window, he did extensively cross examine the officer. N.T., Trial, 3/14-15/18, at 46-59.

The court did not err in denying this ineffectiveness claim. Smith cannot prove that the failure to admit photos of the tinted windows prejudiced him. Counsel argued that the evidence should be suppressed because the plain view exception to the warrant requirement did not apply where the officer could not see inside the vehicle due to the windows' tint. The trial court denied the motion and this Court affirmed. Although counsel did not cross examine the officer regarding the tinted windows at trial, he did cross examine the officer regarding the gun and other aspects of the testimony. Smith cannot establish that the trial's outcome would have been different had the photographs been presented. Because his claim that trial counsel was ineffective lacks merit, Smith also cannot establish PCRA counsel was ineffective for failing to raise the claim. **See Chmiel**, 30 A.3d at 1128.

Smith next claims the trial court erred in finding constructive possession in this case. He claims there was testimony of other passengers potentially leaving the firearm in the vehicle. He claims other people had access to the vehicle throughout the day.

A direct challenge to the sufficiency of the evidence is not cognizable on PCRA. Furthermore, this issue was previously litigated. On direct appeal, Smith challenged the sufficiency of the evidence to support a finding of

constructive possession. We concluded this claim lacked merit, finding there was sufficient evidence to prove Smith possessed the firearm in the vehicle. We noted that although other individuals may have had access to the firearm, Smith also had access. Superior Court Opinion at 11-12. This claim does not entitle Smith to relief. *See* 42 Pa.C.S.A. § 9543(a)(3); ***Commonwealth v. Collins***, 888 A.2d 564, 570 (Pa. 2005) (stating Section 9543(a)(3) "prevents the relitigation of the same legal ground under alternative theories or allegations").

To the extent Smith contends counsel erred, as he phrased the issue in his statement of questions involved, this claim also fails. Appellate counsel cannot be ineffective for failing to raise a claim counsel did in fact raise. Further, because the appellate counsel ineffectiveness claims fails, PCRA counsel cannot be ineffective for failing to raise the claim.

Smith next argues trial counsel was ineffective for entering into a stipulation regarding the admission of evidence of the alteration of the manufacturing number and the operability of the firearm. He claims he did not agree to the stipulation and did not waive his right to have the Commonwealth prove the elements of the crime beyond a reasonable doubt.

At trial, the Commonwealth and Smith stipulated that Trooper Neumyer "ha[d] been appropriately educated, trained, and qualified to perform" analyses of firearm and tool marks, and "ha[d] testified as an expert witness as to the results of this type of evaluation." N.T., Trial, 3/14-15/18, at 34-35. They further stipulated that if called to testify, Trooper Neumyer would testify

- 11 -

that "[e]xaminations of the Kel-Tec semiautomatic pistol showed the firearm to be functional and capable of discharging the type of ammunition for which it was manufactured." *Id.* at 35. He further would have testified that examinations showed that the serial number on the Kel-Tec pistol was "partially obliterated. The serial number was partially restored using acid etching techniques and was found to read two four asterisk four nine, where the asterisk represents a numeric character which appeared to be a three, however, a two could not be eliminated." *Id.* They further stipulated that Trooper Neumyer had prepared a report, which was entered into evidence. *Id.*

Smith failed to establish trial counsel was ineffective for entering this stipulation because he cannot prove prejudice. He does not explain how he would have challenged the Trooper's testimony had the Trooper testified regarding the report's findings such that the outcome of the proceeding would have been different. *See Chmiel*, 30 A.3d at 1127-28. Because Smith's trial counsel ineffectiveness claim lacks merit, his PCRA counsel ineffectiveness claim also fails. *Id.* at 1128.

In his next claim, Smith alleges counsel was ineffective for failing to object to the testimony of Officer Rudy regarding the fingerprint evidence. He claims that a forensic examiner, rather than the officer, should have testified about the fingerprint analysis. He argues "the absence of forensic analyst who prepared the report violated the Sixth Amendment." Smith's Br. at 18. He

further claims appellate and PCRA counsel ineffectiveness for failing to raise the claim.

Here, Officer Rudy testified that the forensic unit was not able to retrieve enough of a fingerprint from the firearm to identify any person who had touched the gun:

> A. I sent it to our forensics unit to attempt to lift fingerprints. They did attempt to do so. They weren't able to get -- I think they were able to get partial prints but not enough to say actually, yes, this is this person's fingerprint on that firearm. Then it's also sent to the Pennsylvania State Police Lab for a function test.
>
> . . .
>
> Q. Now, you mentioned that you sent it out for fingerprints. And I believe you said there were some partial fingerprints; is that correct?
>
> A. Yes. There wasn't enough to actually say, yes, it's this person's fingerprint on the firearm.
>
> Q. Just as an estimate, when you send things out to get fingerprinted, do you get full fingerprints often on those things?
>
> A. It's very common not to get fingerprints.
>
> Q. So it's very common that you would find something like this. It would be sent out, and it wouldn't have a full fingerprint on it?
>
> A. Correct.
>
> Q. So like on TV where everything gets sent out and there's automatically fingerprints on it, that's not realistic; is that correct?
>
> A. Not at all.

N.T., Trial, 3/14-15/18, at 31-32. Neither the Commonwealth nor Smith admitted a report on the fingerprint analysis into evidence.

The Confrontation Clause applies where a law enforcement officer provides evidence for scientific analysis and a report is produced concerning the results of the analysis, because such a report is testimonial evidence. **_Commonwealth v. Yohe_**, 79 A.3d 520, 555 (Pa. 2013). Before the Commonwealth can introduce the report into evidence, a defendant would have "to be confronted with the analysts at trial." **_Id._** (quotation marks and citation omitted).

Here, no report on fingerprint evidence was admitted and Officer Rudy's testimony did not suggest that fingerprinting analysis connected Smith to the gun. Smith's Confrontation Clause claim lacks arguable merit. Because the underlying claim lacks merit, his trial counsel and PCRA counsel ineffectiveness claims also lack merit. **_See Chmiel_**, 30 A.3d at 1128.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/11/2022