J-S45033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD DEAN HODGE, | |
| Appellant | No. 1895 WDA 2015 |

Appeal from the Judgment of Sentence August 25, 2015
in the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0000240-2015

BEFORE:  OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                               **FILED JULY 11, 2016**

Appellant, Richard Dean Hodge, appeals *pro se* from the judgment of sentence imposed following his guilty plea to one count of corrupt organizations and three counts of possession with intent to deliver (PWID) a controlled substance, arising from his involvement in a heroin distribution ring.[1]  Appellant challenges the trial court's determination that his past conviction for abuse of a corpse[2] rendered him ineligible for a Recidivism Risk Reduction Incentive (RRRI) sentence.  Upon careful review we are

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 911(b)(2); 35 P.S. §  780-113(a)(30).

[2] 18 Pa.C.S.A. § 5510.

constrained to agree, and therefore we vacate the judgment of sentence and remand for re-sentencing.

We take the facts and procedural history in this matter from the trial court's October 13, 2015 opinion.

On June 12, 2015, [Appellant pleaded] guilty to [one] count of corrupt organizations, [one] count of [PWID] [ten] but less than [fifty] grams of heroin, a second offense, [one] count of [PWID] [five] but less than [ten] grams of heroin, a second offense, and [one] count of [PWID] less than [one] gram of heroin, a second offense.

[Appellant] was sentenced on August 25, 2015, to a term of imprisonment of not less than [two and one-half] nor more than [ten] years on the charge of corrupt organization[s]; to a consecutive term of imprisonment of not less than [two and one-half] nor more than [ten] years on the charge of PWID heroin, more than [ten] grams but less than [fifty] grams; to a consecutive term of imprisonment of not less than [two and one-half] years nor more than [five] years on the charge of PWID heroin, more than [five] grams but less than [ten] grams; and a concurrent sentence of not less than [two] years nor more than [five] years on the remaining count of PWID. [This resulted in an aggregate sentence of not less than seven and one-half nor more than twenty-five years' imprisonment.]

The sentences were all within the standard range of the sentencing guidelines.

[The trial] court decline[d] to impose a RRRI minimum sentence because of [Appellant's] prior conviction for abuse of a corpse and there was no waiver by the Commonwealth.

[Appellant], although represented by counsel, filed on his own a motion to modify sentence[] on August 28, 2015. Among the issues raised in that motion was that the court erred in not imposing a RRRI minimum sentence.

The motion was denied without a hearing.

(Trial Court Opinion, 10/13/15, at 2-3) (unnecessary capitalization omitted).

Appellant, acting *pro se*, filed a notice of appeal on September 11, 2015. Pursuant to the court's order, Appellant filed a counseled concise statement of errors complained of on appeal on October 13, 2015. **See** Pa.R.A.P. 1925(b). The trial court entered its opinion the same day. **See** Pa.R.A.P. 1925(a). On February 2, 2016, after a **Grazier**[3] hearing, the trial court granted Appellant's motion to proceed *pro se* and permitted counsel to withdraw from representation.

Appellant raises one issue on appeal.

> 1. Did the [s]entencing [c]ourt err as a matter of [l]aw or abuse its discretion when it denied Appella[nt] the benefits of the RRRI [s]tatute where it is not clearly defined if Appellant's prior conviction for abuse of corpse is considered a "crime of violence" which makes Appellant ineligible under the "history of past violent behavior" clause?

(Appellant's Brief, at 3) (underlining omitted).

In his sole issue on appeal, Appellant challenges the legality of the trial court's determination that he is not an RRRI eligible offender. (**See id.** at 6-13). Specifically, he argues that his prior conviction for abuse of a corpse is not included in the RRRI statute as a crime that would preclude a defendant from being RRRI eligible, nor is it included in other Pennsylvania statutes that concern crimes of violence. (**See id.**) (citing 42 Pa.C.S.A. § 9714(g) (Sentencing Code definition of crime of violence for recidivist offenders); 61 Pa.C.S.A. § 3903 (eligibility for inmate motivational boot camp program); 18

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Pa.C.S.A. § 6105(b)-(c) (offenses precluding offenders from possession or use of firearms)). Therefore, he argues that his conviction for abuse of a corpse does not create a history of past violent behavior rendering him ineligible for RRRI sentencing.[4] (*See id.* at 6). Upon review of the record, we agree.

> [W]e note that [i]t is legal error to fail to impose a RRRI minimum on an eligible offender. A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. In this context, Appellant challenges the court's interpretation of a statute.
>
> [B]ecause statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is *de novo*.
>
> When interpreting a statute:
>
>> Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S.[A.] § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage,"

---

[4] Although in his brief Appellant argues that his single prior conviction does not constitute a history of past or present violent behavior, because Appellant failed to include this issue in his statement of questions presented, it is waived. (*See* Appellant's Brief, at 13); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

- 4 -

> while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S.[A.] [§] 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S.[A.] § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.[A.] § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

*Commonwealth v. Hanna*, 124 A.3d 757, 759-60 (Pa. Super. 2015) (case citations and some quotation marks omitted).

The RRRI program was established to "ensure[] appropriate punishment for persons who commit crimes, encourage[] inmate participation in evidence-based programs that reduce the risks of future crime and ensure[] the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S.A. § 4502. The RRRI Act "provides (1) that a sentencing court must designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) that a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and '[d]oes not demonstrate a history of present or past violent behavior.' 61 Pa.C.S.[A.] § 4503 (defining "Eligible offender")." *Commonwealth v. Gonzalez*, 10 A.3d 1260, 1262 (Pa. Super. 2010), *appeal denied*, 21 A.3d 1190 (Pa. 2011) (footnotes omitted). Although the RRRI Act includes multiple exclusions in

its definition of an eligible offender, the "history of present or past violent behavior" is the only exclusion relevant here. 61 Pa.C.S.A. § 4503(1).

The question of whether a past conviction of abuse of a corpse constitutes a history of present or past violent behavior for the purpose of RRRI eligibility is an issue of first impression. However, our interpretation is guided by this Court's decision in *Gonzalez*, *supra* and our Supreme Court's decision in *Commonwealth v. Chester*, 101 A.3d 56 (Pa. 2014), both of which considered whether an offense constituted evidence of past violent behavior rendering an offender ineligible for an RRRI sentence.

In *Gonzalez*, this Court considered whether the appellant's prior conviction for second-degree burglary constituted evidence of past violent behavior. *Gonzalez*, *supra* at 1262. The *Gonzalez* Court concluded that based on the Pennsylvania Crimes Code, second-degree burglary, by definition, "does not involve the risk of violence or injury to another person." *Id.* The court also considered that second-degree burglary was not included as a crime of violence in the Sentencing Code, *see* 42 Pa.C.S.A. § 9714(g); did not render an offender ineligible for motivational boot camp, *see* 61 Pa.C.S.A. § 3903; and was not included in the Pennsylvania Crime Victims Act as a personal injury crime, *see* 18 P.S. § 11.103. *See Gonzalez*, *supra* at 1262-63. The Court reasoned that the RRRI Act constituted a remedial act, and therefore concluded that, given the consistent legislative distinctions made by the General Assembly, appellant's prior conviction

should not have been construed as an indication of past violent behavior to disqualify him from an RRRI sentence. *See id.* at 1263.

In *Chester*, our Supreme Court similarly considered whether a prior conviction for a crime not specifically enumerated in the RRRI eligible offender definition, first-degree burglary, was sufficient to form a history of violent behavior. *See Chester*, *supra* at 432. The Supreme Court reasoned that "it is well established within our case law that [b]urglary is a crime of violence as a matter of law, signifying that first-degree burglary necessarily constitutes violent behavior in all contexts including under Section 4503(1)." *Id.* at 443 (internal quotation marks and citation omitted). The court also considered this Court's reasoning in *Gonzalez*, *supra*, and concluded that

> the case is even stronger for specifically construing the commission of the crime of first-degree burglary as violent behavior under Section 4503(1), given that, unlike second-degree burglary, first-degree burglary is listed as a crime of violence under the recidivist minimum sentencing provision in 42 Pa.C.S.A. § 9714(g), and the crime specifically renders an offender ineligible for motivational boot camp pursuant to 61 Pa.C.S.A. § 3903.

*Chester*, *supra* at 444. Therefore, the court concluded that a prior conviction of first-degree burglary was sufficient to render an offender ineligible for RRRI eligibility. *See id.* at 445.

Here, Appellant has a previous conviction of violating 18 Pa.C.S.A. § 5510, which states: "Except as authorized by law, a person who treats a corpse in a way that he knows would outrage ordinary family sensibilities

- 7 -

commits a misdemeanor of the second degree." 18 Pa.C.S.A. § 5510. Thus, under the plain language of the statute, abuse of a corpse does not involve the risk of violence to another person; it is an offense against ordinary family sensibilities. **See id.** Furthermore, similar to **Gonzalez**, **supra**, abuse of a corpse is not included in the definition of a crime of violence in the Sentencing Code, **see** 42 Pa.C.S.A. § 9714(g); does not render an offender ineligible for inmate motivational boot camp, **see** 61 Pa.C.S.A. § 3903; and is not included as a personal injury crime under the Pennsylvania Crime Victim's Act, **see** 18 P.S. § 11.103. **See Gonzalez**, **supra** at 1262-63. Additionally, as Appellant notes, his prior conviction for abuse of a corpse does not preclude him from possession or use of a firearm pursuant to 18 Pa.C.S.A. § 6105. (**See** Appellant's Brief, at 10-12).

Thus, we are constrained to conclude that the trial court erred in finding that Appellant's prior conviction for abuse of a corpse constituted a history of past violent behavior rendering him ineligible for an RRRI sentence. **See** 61 Pa.C.S.A. 4503(1); **Chester**, **supra** at 442-44; **Gonzalez**, **supra** at 1263. Accordingly, we vacate the judgment of sentence, and remand this case to the trial court for re-sentencing.

Judgment of sentence vacated, case remanded, jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/11/2016</u>