J-A27023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PEV LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERICA BALDWIN, WALLACE | : | |
| BALDWIN AND JOAN ALEXIS | : | |
| | : | No. 1250 MDA 2021 |
| Appellants | : | |

Appeal from the Order Entered August 25, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2021-01655

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: MARCH 29, 2023**

Erica Baldwin, Wallace Baldwin, and Joan Alexis ("Tenants") appeal *pro se* from the order dismissing their appeal from the magisterial district court. We reverse.

Tenants rented an apartment from PEV, LLC ("PEV"). PEV initiated a landlord/tenant action in the magisterial district court alleging Tenants violated the lease. A magisterial district judge held a hearing, entered judgment in favor of PEV, and granted PEV possession of the property.

Tenants filed a notice of appeal to the court of common pleas. The notice of appeal was a form that consisted of a one-page document with two sections. The top section, "Notice of Appeal," was completed with the relevant

_____

[*] Retired Senior Judge assigned to the Superior Court.

information. The bottom section, "Praecipe to Enter Rule to File Complaint and Rule to File," contained the Common Pleas docket number, date, and signature of the prothonotary.[1] The two spaces for appellee's name and the space for

_____

[1] The bottom portion of the Notice of Appeal filed in this case reads as follows:

> PRAECIPE TO ENTER RULE TO FILE COMPLAINT AND RULE TO FILE
> (This section of form to be used only when appellant was DEFENDANT (see Pa.R.C.P.M.D.J. No. 1001(7)[)] in action before Magisterial District Judge. IF NOT USED, detach from copy of notice of appeal to be served upon appellee.[)]
>
> **PRAECIPE**: To Prothonotary
>
> Enter Rule upon _____ appellee(s), to file a
>                *Name of Appellee(s)*
> complaint in this appeal (Common Pleas No. <u>21 CV 1655</u>) within twenty (20) days after service of rule or suffer entry of judgment of non pros.
>
>             _____
>             *Signature of appellant or attorney or agent*
>
> **RULE**: To _____, appellee(s)
>        *Name of Appellee(s)*
>
> (1) You are notified that a rule is hereby entered upon you to file a complaint in this appeal within twenty (20) days after the date of service of this rule upon you by personal service of by certified or registered mail.
>
> (2) If you do not file a complaint within this time, a JUDGMENT OF NON PROS MAY BE ENTERED AGAINST YOU.
>
> (3) The date of service of this rule if service was by mail is the date of the mailing.
>
> Date: <u>April 15, 2021</u>    <u>Marie B. Kelly</u>
>                     Signature of Prothonotary . . .

Notice of Appeal from Magisterial District Judge, filed Apr. 15, 2021.

appellants' signature remained blank. Tenants served the Notice of Appeal on PEV and filed proof of service.

PEV filed a praecipe to strike the appeal "as per Pa.R.C.P.M.D.J. 1006 for failure to Comply with rule 1004B Pa.R.C.P.M.D.J." **See** Praecipe to Strike Appeal from District Justice, filed May 12, 2021. Rule 1004(B) provides: "If the appellant was the defendant in the action before the magisterial district judge, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros." Pa.R.C.P.M.D.J. 1004(B). The clerk of judicial records struck the appeal.

Tenants petitioned to reinstate the appeal, and the trial court held a hearing. **See** N.T., Aug. 23, 2021, at 2. Tenants claimed that although the spot identifying the party on whom a rule to file a complaint should be served was blank on the filed version of the document, they had filled in that portion of the document prior to serving PEV. **See, e.g., id.** at 13-14, 30.[2] The trial court ordered the appeal dismissed, finding Tenants failed to comply with Pa.R.C.P.M.D.J. 1004B. Tenants filed a timely notice of appeal to this Court.

Tenants' brief to this Court does not include a statement of questions involved. We could find waiver due to this failure. Pa.R.A.P. 2116(a) ("No

---

[2] Tenants also claimed after they served PEV they filed a second, completed document. **See, e.g.,** N.T., Aug. 23, 2021, at 11. The record does not contain a complete document.

question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see Commonwealth v. Hodge*, 144 A.3d 170, 172 n.4 (Pa.Super. 2016) (finding claim not raised in statement of questions involved waived). However, because it seems clear that the only issue Tenants raise is whether the court erred in striking the appeal, and the trial court addressed this issue, we find our review is not hampered and will address the issue. *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (addressing discerned claim even though brief failed to include statement of questions involved, statement of scope and standard of review, statement of the case, or a summary of the argument). To the extent Tenants may contend they intended to raise any other issues that we have not perceived in their argument, such issues are waived.

We review an order striking an appeal from a judgment entered by a magisterial district judge for an abuse of discretion or error of law. *See Flagler v. Templin*, 2020 WL 1515908, at *3 (Pa.Super. Mar. 30, 2020) (unpublished mem.).

Rule of Civil Procedure Governing Proceedings Before Magisterial District Judges 1006 governs the striking of appeals from magisterial district court to the Court of Common Pleas. It provides that "[u]pon failure of the appellant to comply with **Rule 1004A** or **Rule 1005B**, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court

of common pleas may reinstate the appeal upon good cause shown." Pa.R.C.P.M.D.J. 1006 (emphasis added).[3]

Here, PEV filed a praecipe to strike the appeal for Tenants' alleged failure to comply with Rule 1004(B), and the court dismissed the case for this alleged failure. Rule 1006 does not allow a court to strike an appeal due to failure to comply with Rule 100<u>4</u>B. Rather it allows a court to strike an appeal only for failure to comply with Rule 1004A or 100<u>5</u>B.[4] We therefore conclude the court erred in striking the appeal.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/29/2023</u>

---

[3] Rule 1004A provides, "If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal." Pa.R.C.P.M.D.J. 1004A.

Rule 1005B provides, "The appellant shall file with the prothonotary proof of service of copies of the notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within 10 days after filing the notice of appeal." Pa.R.C.P.M.D.J. 1005B.

[4] On appeal, PEV also relies on Rule 1005A to claim the court did not err in striking the appeal. However, Rule 1006 does not allow a court to strike an appeal for failure to comply with Rule 1005A.