J-S21025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD W. KINNARD, II | : | |
| | : | |
| Appellant | : | No. 857 MDA 2022 |

Appeal from the PCRA Order Entered May 9, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000443-2016

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                  **FILED: OCTOBER 23, 2023**

Appellant Richard W. Kinnard, II appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant raises numerous ineffectiveness claims against trial counsel and prior PCRA counsel and also challenges the trial court's refusal to give a requested jury instruction and the PCRA court's denial of his request for a continuance.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See Commonwealth v. Kinnard***, 1296 MDA 2017, 2018 WL 4560454, at *1-2 (Pa. Super. filed Sept. 24, 2018) (unpublished mem.).  Briefly, on the night of September 18 to September 19, 2015, Appellant, Michael Rivera, and several others were drinking at a house in York, Pennsylvania.  Rivera added

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

MDMA (a.k.a. "Molly") to a bottle of alcohol. Appellant did not see Rivera do this, and Appellant subsequently drank a shot from that bottle. Appellant's group then went to Vinny's Good Time Night Club (Vinny's) in Lebanon, Pennsylvania to continue drinking.

Later that evening, Corey Bryan, a security guard, expelled Appellant and another man from Vinny's. Appellant returned to Vinny's a short time later and several gunshots rang out. Bryan was hit by three bullets and killed. Another bullet wounded a patron inside Vinny's who survived her injuries. The Commonwealth charged Appellant with first-degree murder, third-degree murder, two counts of aggravated assault, possession of firearm prohibited, receiving stolen property, discharge of a firearm into an occupied structure, flight to avoid apprehension, recklessly endangering another person, and five counts of conspiracy.[2]

At trial, psychiatrist Jerome Gottlieb, M.D., testified as an expert regarding the effects of a combination of alcohol and MDMA/Molly. N.T. Trial, 2/10/17, at 600-08. Specifically, Dr. Gottlieb explained that MDMA/Molly is a synthetic street drug that has strong stimulant properties and a mild hallucinogenic effect, which lasts approximately four hours. *Id.* at 601, 606. He further stated that "if an individual is taking Molly and alcohol, they are taking two drugs which effectively disinhibits them. If they have a tendency towards aggression or violence or impulsivity, those are going to be greatly

---

[2] 18 Pa.C.S. §§ 2502(a), 2502(c), 2702(a)(1), 2702(a)(4), 6105(a)(1), 3925(a), 2707.1(a), 5126(a), 2705, and 903, respectively.

magnified by this combination of drugs." *Id.* at 603.  Dr. Gottlieb did not personally examine Appellant or review any toxicology or blood test results for Appellant.  *Id.* at 603-04.  Nicholas Sidelnick, Esq., and Elizabeth Judd, Esq., (collectively, "trial counsel") represented Appellant at trial and on direct appeal.

Appellant requested permission from the trial court to present defenses based on voluntary intoxication and involuntary intoxication.  On February 13, 2017, the trial court denied Appellant's request to present involuntary intoxication defense.  Trial Ct. Op. & Order, 2/13/17, at 1, 9-15.  The trial court ruled that Appellant could present a voluntary intoxication as a diminished capacity defense and stated: "So long as his attorney does not argue that [Appellant] is innocent in his closing statement, [Appellant] shall be entitled to an instruction on voluntary intoxication and shall be permitted to argue the concept to the jury in his closing argument." *Id.* at 2; *see also* N.T. Trial, 2/13/17, at 666-67.  During closing arguments, trial counsel explicitly stated that Appellant was not presenting a voluntary intoxication defense and instead argued that Appellant did not commit the murder.  N.T. Trial, 2/13/17, at 672-73.  The jury subsequently convicted Appellant of all charges.

On March 22, 2017, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole.  On direct appeal, this Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's

petition for allowance of appeal on March 12, 2019. **See Kinnard**, 2018 WL 4560454, *appeal denied*, 204 A.3d 362 (Pa. 2019).

On January 22, 2020, Appellant filed a timely *pro se* first PCRA petition. The PCRA court appointed Matthew Karinch, Esq., (prior PCRA counsel) to represent Appellant. Attorney Karinch subsequently filed an amended PCRA petition raising several claims of ineffective assistance of trial counsel. On March 11, 2022, the PCRA court held an evidentiary hearing at which Appellant, Attorney Sidelnick, and Attorney Judd testified.

On May 9, 2022, the PCRA court entered an order denying Appellant's PCRA petition. On May 24, 2022, Appellant filed a motion to proceed *pro se*. Prior PCRA counsel filed a timely notice of appeal, a court-ordered Rule 1925(b) statement, and a petition for leave to withdraw as counsel in June 2022. The PCRA court scheduled a **Grazier**[3] hearing for September 27, 2022.

On July 5, 2022, Appellant filed a *pro se* motion for extension of time to file a Rule 1925(b) statement. On July 14, 2022, the PCRA court entered an order granting that *pro se* motion, stating the PCRA court would accept a *pro se* Rule 1925(b) statement filed on or before September 1, 2022, and directing prior PCRA counsel to assist Appellant in drafting the statement. **See** PCRA Ct. Order, 7/14/22, at 2-3 (unpaginated). Appellant filed a *pro se* Rule 1925(b) statement on August 29, 2022, in which he raised, for the first time, several claims of ineffective assistance of prior PCRA counsel. The PCRA court

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

issued a Rule 1925(a) opinion on September 14, 2022, which addressed the issues Appellant raised in his *pro se* Rule 1925(b) statement and adopted the reasoning of its May 9, 2022 order. **See** PCRA Ct. Op., 9/14/22.

The PCRA court held a **Grazier** hearing September 27, 2022, in which Appellant indicated that he desired counseled representation to pursue his PCRA claims.[4] After the **Grazier** hearing, the PCRA court vacated Attorney Karinch's appointment as Appellant's counsel and appointed present counsel to represent Appellant on appeal. PCRA Ct. Order, 9/27/22, at 1-2 (unpaginated). The PCRA court did not order present counsel to file a supplemental Rule 1925(b) statement *nunc pro tunc* and present counsel did not request permission to file one.

On appeal, Appellant raises eleven issues,[5] which we reorder as follows:

1. Did the trial court err in ruling that trial counsel was not permitted to offer a defense of involuntary intoxication?

---

[4] The transcript of the September 27, 2022 **Grazier** hearing is not included in certified record. However, because Appellant is not challenging the PCRA court's ruling in the **Grazier** hearing, the absence of the transcript does not impede our review.

[5] We refer to the oft-cited quote from the late Judge Aldisert of the Third Circuit:

With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court, it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. . . . When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not

*(Footnote Continued Next Page)*

2. Did the [PCRA] court err in ruling that trial counsel was not ineffective for failing to question Dr. Gottl[ie]b about the symptoms or actions that other witnesses testified that Appellant was exhibiting on the night of the alleged crimes and whether such symptoms or actions would show him to be under the influence of intoxicating substances that could have left him with a diminished capacity?

3. Did the [PCRA] court err in ruling that trial counsel was not ineffective for failing to pursue a claim of diminished capacity based upon voluntary intoxication, which could have reduced Appellant's first-degree murder conviction to third-degree murder?

4. Did the [PCRA] court err in ruling that trial counsel was not ineffective for failing to request a limiting instruction regarding Appellant's prior criminal record?

5. Was [prior] PCRA counsel ineffective in failing to have Appellant examined by Dr. Gottl[ie]b or another toxicology expert in support of his involuntary intoxication defense?

6. Did the [PCRA] court err in failing to continue Appellant's PCRA hearing so that Appellant could meet with Dr. Gottl[ie]b or another toxicology expert?

7. Was [prior] PCRA counsel ineffective in failing to argue that trial counsel was ineffective for failing to challenge the constitutionality of 18 Pa.C.S. § 1102(a) as void pursuant to the federal due process void for vagueness doctrine?

8. Was [prior] PCRA counsel ineffective in failing to argue that trial counsel was ineffective for failing to argue that 18 Pa.C.S. § 1102(a) has been repealed by implication under *Hudson v. Pennsylvania Board of Probation & Parole*, 204 A.[3]d 392 (Pa. 2019)?

---

say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

*Commonwealth v. Lutes*, 793 A.2d 949, 955 n.1 (Pa. Super. 2002) (citations omitted).

9. Was [prior] PCRA counsel ineffective in failing to argue that trial counsel was ineffective in failing to argue that the evidence was insufficient to support a conviction under 18 Pa.C.S. § 2707.1 pursuant to **Commonwealth v. McCoy**, 962 A.2d 1160 (Pa. 2009) and its progeny?

10. Was [prior] PCRA counsel ineffective in failing to argue that trial counsel was ineffective for failing to object to the violation of the sequestration order when Detective Keith Uhrich testified four times after hearing the testimony of other witnesses on the same subject?

11. Was [prior] PCRA counsel ineffective in failing to argue that trial counsel was ineffective for failing to request a jury instruction on manslaughter?

Appellant's Brief at 5-7 (some formatting altered).[6]

## Waived Claims

In his first issue, Appellant argues that the trial court erred by not instructing the jury on the defense of involuntary intoxication. Appellant's Brief at 25-26. In his second issue, Appellant contends that trial counsel was ineffective in her examination of Dr. Gottlieb. **Id.** at 28-30.

Before we address the merits of these claims, we must determine whether Appellant has preserved them for appeal. This Court may raise this

---

[6] We note that in his counseled Rule 1925(b) statement, Appellant also claimed that trial counsel was ineffective for waiving Appellant's preliminary hearing. **See** Rule 1925(b) Statement, 6/27/22, at 1 (unpaginated). Additionally, Appellant argues that prior PCRA counsel was ineffective during the PCRA evidentiary hearing because he failed to ask trial counsel if they requested that Dr. Gottlieb examine Appellant prior to trial. **See** Appellant's Brief at 36-37. However, Appellant did not include these claims in his statement of questions involved. **See** Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Therefore, we conclude that these claims are waived. **See id.**; **see also Commonwealth v. Hodge**, 144 A.3d 170, 172 n.4 (Pa. Super. 2016).

issue of waiver *sua sponte*. ***See Commonwealth v. Wholaver***, 903 A.2d 1178, 1184 (Pa. 2006). "[T]he applicability of waiver principles . . . is a question of law, over which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Barbour***, 189 A.3d 944, 954 (Pa. 2018) (citations omitted).

"Issues not raised before the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); ***see also Commonwealth v. Reid***, 259 A.3d 395, 413-14 (Pa. 2021) (concluding that an issue that was not raised in the defendant's PCRA petition was waived).

Our review of the record indicates that Appellant did not raise either of these issues in his amended PCRA petition. Therefore, they are waived. ***See Reid***, 259 A.3d at 413-14; Pa.R.A.P. 302(a).

**Trial Counsel's Ineffectiveness**

<u>Diminished Capacity Defense</u>

In his third issue, Appellant argues that trial counsel was ineffective for failing to present a defense of diminished capacity based on voluntary intoxication. Appellant's Brief at 21-25. Appellant contends that his trial strategy was based on the defenses of diminished capacity due to voluntary intoxication and involuntary intoxication. ***Id.*** at 23. Appellant asserts that he never discussed pursuing a defense of actual innocence with trial counsel. ***Id.*** at 24. Appellant notes that the PCRA court recognized that if trial counsel had presented a diminished capacity defense, Appellant had "a better opportunity to receive a verdict of third-degree murder instead of first-degree murder."

*Id.* (quoting PCRA Ct. Order, 5/6/22, at 5) (formatting altered).  Appellant concludes that trial counsel lacked a reasonable basis for pursuing an actual innocence defense instead of a diminished capacity defense, and that Appellant was prejudiced as a result.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted).  This Court applies a *de novo* standard of review to the PCRA court's legal conclusions.  *Commonwealth v. Hutchinson*, 25 A.3d 277, 284 (Pa. 2011).  A PCRA court's credibility determinations, however, are binding on this Court when such determinations are supported by the record.  *Id.*; *see also Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief.

- 9 -

Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his [or her] action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his [or her] client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

**Sandusky**, 203 A.3d at 1043-44 (citations omitted and formatting altered).

"Under the traditional ineffectiveness test, the threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Davis**, 204 A.3d at 596 (citations omitted and formatting altered).

Our Supreme Court has stated:

A defense of diminished capacity, whether grounded in mental defect or voluntary intoxication, is an extremely limited defense available only to those defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill. If a defendant does not admit

- 10 -

that he killed the victim, but rather advances an innocence defense, then evidence on diminished capacity is inadmissible.

A diminished capacity defense does not exculpate the defendant from criminal liability entirely, but instead negates the element of specific intent. For a defendant who proves a diminished capacity defense, first-degree murder is mitigated to third-degree murder. To establish a diminished capacity defense, a defendant must prove that his cognitive abilities of deliberation and premeditation were so compromised, by mental defect or voluntary intoxication, that he was unable to formulate the specific intent to kill. . . .

In numerous prior cases before this Court, defendants who had maintained their innocence during trial have subsequently raised post-conviction claims of ineffective assistance of trial counsel for failure to present and/or to investigate a defense of diminished capacity. We have consistently declined to hold that trial counsel was ineffective for failing to advance a defense that directly and irreconcilably conflicted with the accused's claims of innocence. . . .

Finally, we have held that the authority to concede criminal liability and to authorize the presentation of a diminished capacity defense rests **solely** with the accused.

***Hutchinson***, 25 A.3d at 312-13 (citations omitted, formatting altered, and emphasis in original).

Therefore, the ***Hutchinson*** Court concluded that because the defendant "did not admit [to] killing the victim, but rather maintained his innocence, a diminished capacity defense was not available to him, . . . and trial counsel will not be held ineffective for failing to present an unavailable defense." ***Id.*** at 313.

Here, the PCRA court explained:

As it relates to [Appellant's] argument that trial counsel should have allowed him to pursue a defense of diminished capacity, we have considered the following:

- 11 -

At no time prior to or during trial did [Appellant] agree that his attorney should employ a diminished capacity defense. In fact, [trial] counsel recommended the diminished capacity defense and that recommendation was rejected by [Appellant].

Following the conclusion of trial testimony, the [trial] court decided that it would instruct the jury regarding the question of diminished capacity so long as [Appellant] himself did not argue that someone else was shooter. We issued this ruling because [trial] counsel very skillfully avoided a claim of actual innocence during the trial itself. Thus, [Appellant] had actual knowledge[,] following testimony and prior to closing arguments[,] that he would be able to employ a diminished capacity defense. Trial counsel advised [Appellant] that this was an option for him. [Appellant] specifically instructed trial counsel not to argue diminished capacity and instead aim for a complete acquittal.

We have little doubt that a diminished capacity argument would in retrospect have given [Appellant] a better opportunity to receive a verdict of third-degree murder instead of first-degree murder. However, trial counsel was bound by the instructions given by his client and those instructions specifically prohibited trial counsel from employing a diminished capacity argument.

PCRA Ct. Order, 5/9/22, at 4-5 (footnote omitted and formatting altered); *see also* PCRA Ct. Op., 9/14/22, at 5 (concluding that "trial counsel **recommended** that [Appellant] pursue a diminished capacity defense. [Appellant] himself rejected this recommendation" (emphasis in original)).

Based on our review of the record, we conclude that the PCRA court's conclusions are supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. The PCRA court implicitly credited the testimony of Attorney Sidelnick and Attorney Judd that they advised Appellant that he could pursue a diminished capacity defense, Appellant rejected their advice, and that Appellant instead directed trial counsel to pursue an innocence defense. *See* PCRA Ct. Order, 5/9/22, at 4-5. Because the PCRA

court's credibility determinations are supported by the record, they are binding on this Court. *See Hutchinson*, 25 A.3d at 284. Therefore, Appellant has failed to establish that trial counsel was ineffective for failing to pursue a diminished capacity defense, which "directly and irreconcilably conflicted" with Appellant's chosen innocence defense. *See id.* at 312-13 (citations omitted). For these reasons, Appellant is not entitled to relief on this claim.

Limiting Instruction

In his fourth issue, Appellant argues that both trial counsel were ineffective because they failed to request that the trial court issue a limiting instruction regarding Appellant's prior criminal record. Appellant's Brief at 26-27. Appellant notes that trial counsel and the Commonwealth stipulated that Appellant had a prior conviction which precluded him from possessing a firearm. *Id.* at 27. Appellant asserts that trial counsel should have requested that the trial court instruct the jurors that they could only consider that stipulation for a limited purpose. *Id.*

"[W]hen evidence of a defendant's prior criminal conduct or bad acts is admitted, the defendant is entitled upon request to a jury instruction explaining the limited purpose of such evidence." *Hutchinson*, 25 A.3d at 305 (citation omitted). This Court has explained that "counsel's failure to request a cautionary instruction regarding evidence of other crimes or prior bad acts does not constitute *per se* ineffectiveness; rather, in order to obtain relief under such a claim, a defendant must still satisfy each of the three prongs of the test for ineffective assistance of counsel." *Commonwealth v.*

*Johnson*, 179 A.3d 1105, 1119 (Pa. Super. 2018) (citation omitted and formatting altered). Further, "the decision whether to seek a jury instruction implicates a matter of trial strategy. . . . [T]rial counsel may reasonably decline to request a limiting instruction with regard to prior criminal misconduct where such an instruction might have served to emphasize what might otherwise have gone relatively unnoticed by the jury." *Id.* (citations and quotation marks omitted); *see also Hutchinson*, 25 A.3d at 306 (concluding that defense counsel who did not request a limiting instruction regarding the defendant's prior bad acts was not ineffective because "[u]nder these circumstances, an instruction as to the bad acts evidence may very well have served only to re-emphasize the evidence to the jury"). Additionally, the *Hutchinson* Court held that the defendant failed to establish prejudice resulting from his counsel's failure to request a limiting instruction. *Id.*

Instantly, the PCRA court explained:

Trial counsel was wary about undertaking any action that would repeat, emphasize[,] or call the jury's attention to [Appellant's] inability to possess a firearm. That is why [trial] counsel stipulated to [Appellant's] disqualification from possessing firearms in a way [they] perceived to be as innocuous as possible. Had the [trial] court given more detailed instructions about [Appellant's] disqualification, it would have served to emphasize the fact of [Appellant's] disqualification and trial counsel did not perceive that to be in his client's best interest.

We have located no Pennsylvania case that has declared that the stipulation such as the one entered into by [Appellant] in this case is improper or requires a cautionary instruction.

Even assuming, for the *arguendo*, that a cautionary instruction of some sort should have been given, the lack of such instruction was at most harmless error because the stipulation related to a

fact that was clearly collateral to the decision that the jury was asked to make.

PCRA Ct. Order, 5/9/22, at 6 (formatting altered).

Based on our review of the record, we conclude that the PCRA court's conclusions are supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. Further, Appellant has failed to explain how trial counsel's failure to request a limiting instruction affected the outcome of the trial. *See Hutchinson*, 25 A.3d at 306; *see also Johnson*, 179 A.3d 1105, 1119. Because Appellant has failed to develop the prejudice prong of the ineffective assistance of counsel standard, he is not entitled to relief on this claim. *See Sandusky*, 203 A.3d at 1043-44.

### Prior PCRA Counsel's Ineffectiveness

In his fifth issue, Appellant argues that prior PCRA counsel was ineffective for failing to request that Dr. Gottlieb, or another toxicology expert, examine Appellant prior to the PCRA evidentiary hearing.[7] Appellant's Brief

_____

[7] We note that Appellant raised the instant claim in a *pro se* filing while he was still represented by prior PCRA counsel. It is well-established that defendants "in criminal cases possess no constitutional right to hybrid representation, and thus, any *pro se* [filings] that they may file while represented by counsel will not be considered." *Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011) (citations omitted); *see also Commonwealth v. Willis*, 29 A.3d 393, 400 (Pa. Super. 2011) (concluding that "the [PCRA] court erred in permitting [hybrid] representation during the disposition of [the defendant's] PCRA petition"). Therefore, Appellant's *pro se* filings are legal nullities and the PCRA court erred by permitting Appellant to engage in hybrid representation. Nevertheless, present counsel has adopted the instant claim in his brief. *See Commonwealth v. Mason*, 130 A.3d 601, 671 (Pa. 2015) (noting that a court may "acknowledge and give force to a *pro*

*(Footnote Continued Next Page)*

- 15 -

at 36-39. Appellant claims that he subsequently retained Dr. Lawrence Guzzardi to prepare a preliminary report regarding Dr. Gottlieb's performance as an expert witness at trial. *Id.* at 38; *see also id.* at Ex. C (Letter from Dr. Guzzardi to present counsel). Appellant asserts that Dr. Guzzardi's report supports his claim that prior PCRA counsel's failure to obtain an evaluation by toxicology expert prejudiced Appellant. *Id.* at 38-39. Appellant requests that this Court remand this matter to the PCRA court for a new evidentiary hearing.

Initially, it is well settled that "counsel cannot raise his or her own ineffectiveness[.]" *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (citation omitted). In *Bradley*, our Supreme Court adopted a new rule allowing PCRA petitioners to "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." *Bradley*, 261 A.3d at 405; *see also Commonwealth v. Crumbley*, 270 A.3d 1171, 1181 (Pa. Super. 2022) (explaining that pursuant to *Bradley*, this Court could address the merits of the defendant's claims of PCRA counsel's ineffectiveness because the defendant "raised his claims of ineffective PCRA counsel at the first practical opportunity, albeit on appeal from the denial of his PCRA petition"), *appeal*

_____

*se* filing from a counseled defendant where . . . counsel ultimately adopted it" (citation omitted)). In any event, claims of ineffective assistance of PCRA counsel may be raised "at the first opportunity, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). Therefore, even if we were to treat Appellant's *pro se* Rule 1925(b) statement as a legal nullity, present counsel could raise claims of prior PCRA counsel's ineffectiveness for the first time on appeal. For these reasons, we conclude that Appellant has not waived his claims of prior PCRA counsel's ineffectiveness and will address them in the instant appeal.

*denied*, 284 A.3d 884 (Pa. 2022). In reaching that conclusion, the ***Bradley*** Court emphasized the need to preserve a petitioner's right to effective PCRA counsel. ***Bradley***, 261 A.3d at 405.

The ***Bradley*** Court also reaffirmed our Supreme Court's preference for evidentiary hearings in PCRA matters, and explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Id.*** at 402 (citations and footnote omitted and formatting altered); ***see also Commonwealth v. Colavita***, 993 A.2d 874, 895 (Pa. 2010) (stating that, as "a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion" and noting the Supreme Court's "strong preference that counsel be heard from before being found ineffective"), *abrogated on other grounds by* ***Bradley***, 261 A.3d at 401.

"A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012) (citation and quotation marks omitted).

With respect to a claim of ineffective assistance of counsel for failing to call a potential witness, the defendant must establish that

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair [hearing].

*Commonwealth v. Wantz,* 84 A.3d 324, 331 (Pa. Super. 2014) (citations omitted).

Here, the PCRA addressed Appellant's ineffectiveness claims against prior PCRA counsel as follows:

> These claims of so-called "layered ineffectiveness" cannot be raised in an appeal from our denial of [Appellant's] PCRA claim. At the time of the PCRA hearing, [prior PCRA counsel] represented [Appellant]. At no point during that hearing did [prior PCRA counsel] allege his own ineffectiveness, nor did [Appellant] complain about [prior PCRA counsel's] ineffectiveness. The appeal filed by [Appellant] to our court order of May 6, 2022 is simply not the place or the method by which a claim of layered ineffectiveness against [prior PCRA counsel] could be properly pursued.

PCRA Ct. Op., 9/14/22, at 4 (formatting altered).[8]

---

[8] We also note that in his motion to proceed *pro se*, Appellant indicated that he intended to raise claims of ineffective assistance of prior PCRA counsel. *See* Mot. to Proceed *Pro Se*, 5/27/22, at 1 (unpaginated). In its order granting Appellant's *pro se* motion for an extension of time, the PCRA court directed prior PCRA counsel to assist Appellant in drafting his *pro se* Rule 1925(b) statement. *See* PCRA Ct. Order, 7/14/22, at 2-3 (unpaginated). "[C]ounsel cannot raise his or her own ineffectiveness[.]" *Bennett*, 930 A.2d at 1274 (citation omitted). Further, "requiring counsel to do so creates an inherent
*(Footnote Continued Next Page)*

In light of **Bradley**, we are constrained to disagree with the PCRA court's conclusion that Appellant could not raise the instant ineffectiveness claims on appeal. **See Bradley**, 261 A.3d at 405. Further, because prior PCRA counsel could not have raised his own ineffectiveness, **see Bennett**, 930 A.2d at 1274, Appellant properly raised his claims of prior PCRA counsel's ineffectiveness at the earliest opportunity, *i.e.*, in his *pro se* Rule 1925(b) statement and in his appellate brief. **See Bradley**, 261 A.3d at 405.

However, we conclude that Appellant has failed to sufficiently develop his claim that prior PCRA counsel was ineffective for failing to request that Dr. Gottlieb or a toxicology expert evaluate Appellant. Here, Appellant offers only bald assertions that prior PCRA counsel lacked a reasonable basis for failing to request an evaluation. **See Bradley**, 261 A.3d at 402 (explaining that an appellant must "provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness" to obtain relief on a such a claim or for this Court to remand the matter to the PCRA court (citation and quotation marks omitted)); **see also Sandusky**, 203 A.3d at 1044. Further, Appellant has not established prejudice because he has not shown that Dr. Gottlieb or a

_____

conflict of interest." **Bradley**, 261 A.3d at 398. Here, the PCRA court was aware that Appellant intended to raise claims of prior PCRA counsel's ineffectiveness; therefore, the PCRA court erred by both allowing Appellant to engage in hybrid representation and by directing prior PCRA counsel to assist Appellant in drafting a *pro se* Rule 1925(b) statement asserting his own ineffectiveness. **See id.**; **Bennett**, 930 A.2d at 1274; **Willis**, 29 A.3d at 400.

toxicology expert[9] was willing to testify at the PCRA hearing. **See Wantz**, 84 A.3d at 331. For these reasons, we conclude that Appellant is not entitled to relief on this claim.

**Denial of Continuance**

In a related claim, Appellant argues that the PCRA court erred in denying his request for a continuance of the evidentiary hearing so that Appellant could meet with Dr. Gottlieb or another toxicology expert. Appellant's Brief at 30. Appellant asserts that a continuance would not have prejudiced the Commonwealth. **Id.** Appellant requests that this Court remand for a new PCRA evidentiary hearing after Appellant has had time to consult with Dr. Gottlieb or obtain the report of another toxicology expert.

This Court has explained that

the grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. A bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion. Instead, an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice.

_____

[9] We may not consider the unsigned letter from Dr. Guzzardi included in Appellant's brief because that letter is not part of the certified record. **See Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*).

***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa. Super. 2012) (*en banc*)

(citations omitted and formatting altered).

When reviewing a decision to deny a request for a continuance, this Court considers the following:

> (1) the necessity of the witness to strengthen the defendant's case;
>
> (2) the essentiality of the witness to the defendant's [case];
>
> (3) the diligence exercised to procure his or her presence at [the proceeding];
>
> (4) the facts to which he or she could testify; and
>
> (5) the likelihood that he or she could be produced at court if a continuance were granted.

***Commonwealth v. Bozic***, 997 A.2d 1211, 1225 (Pa. Super. 2010) (citation

omitted).

Here, the PCRA court explained:

> Related to his diminished capacity claim is the argument proffered by [Appellant] that we erred by failing to give him time to meet with Dr. Gottlieb prior to the PCRA hearing. As it relates to that issue, there were two primary reasons why we refused [Appellant's] request for a continuance. We noted that [Appellant's] PCRA hearing was scheduled on November 12, 2021. Despite having four (4) months to prepare for the hearing, [Appellant] waited until the day of the hearing itself in order to request a postponement. We considered the request to be untimely.
>
> More important, this court did not perceive how a meeting between [Appellant] and Dr. Gottlieb would or could have materially advanced the issues that were presented to the court. From the outset of the litigation, [Appellant] claimed that MDMA ("Molly") was surreptitiously slipped into a drink that he consumed in York, PA. By definition, the involuntary consumption of this substance was accomplished without [Appellant's] knowledge or

consent. As such, [Appellant] would not have known precisely when or in what amount the Molly was ingested. Moreover, Dr. Gottlieb did meet with [Appellant] prior to trial and was no doubt told about the purported surreptitious administering of "Molly." There is no possible way that a meeting between [Appellant] and Dr. Gottlieb prior to the PCRA hearing would have enabled Dr. Gottlieb to specifically articulate how the "Molly" would or could have affected [Appellant's] state of mind.

The court did permit Dr. Gottlieb to testify generally about the effects of "Molly" on a human being and how "Molly" could combine with alcohol to impact human behavior. Thus, within the constraints imposed by [Appellant] upon his trial counsel, *i.e.*, no "diminished capacity argument", trial counsel was able to present as much information as could reasonably have been expected. There is no way that an additional meeting between [Appellant] and Dr. Gottlieb would or could have changed the outcome of either the PCRA proceeding or trial itself.

PCRA Ct. Op., 9/14/22, at 6-7 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the PCRA court. *See Ross*, 57 A.3d at 91. As stated above, Appellant failed to establish that Dr. Gottlieb or a toxicologist was willing to testify at the PCRA hearing. Further, Appellant fails to describe what testimony a toxicology expert could have given at the PCRA hearing and why that testimony was necessary to support his claims, especially in light of the constraints Appellant placed on trial counsel, whom he instructed not to argue the diminished capacity defense, as noted by the PCRA court. *See id.*; *Bozic*, 997 A.2d at 1225. Lastly, Appellant fails to explain how the denial of the continuance prejudiced him. *See Ross*, 57 A.3d at 91. For these reasons, we conclude that Appellant is not entitled to relief on this claim.

**Layered Ineffectiveness Claims**

In his last five issues, Appellant claims that prior PCRA counsel was ineffective for failing to litigate additional claims of ineffective assistance of trial counsel. Appellant's Brief at 31-35, 39. Specifically, Appellant claims that prior PCRA counsel failed to argue that trial counsel were ineffective because they: (1) failed to argue that 18 Pa.C.S. § 1102(a) was void for vagueness; (2) failed to argue that 18 Pa.C.S. § 1102(a) has been implicitly repealed; (3) failed to challenge the sufficiency of the evidence supporting Appellant's conviction for discharge of a firearm into an occupied structure; (4) failed to argue that Detective Keith Uhrich violated the trial court's sequestration order; and (5) failed to request a jury instruction on manslaughter. *Id.*

Following *Bradley*, our Supreme Court held that a defendant "adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his Corrected 1925(b) Statement and in his [appellate] brief . . . ." *Commonwealth v. Parrish*, 273 A.3d 989, 1002 (Pa. 2022). "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Id.* at 1004 n.11 (citation omitted).

Specifically, our Supreme Court has explained:

To be eligible for relief on [layered claims of ineffective assistance of counsel, a petitioner] must plead and prove that: (1) trial counsel was ineffective for a certain action or failure to act; and (2) [subsequent] counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, [a petitioner] must meet all three prongs of the *Pierce*[10] test for ineffectiveness. A failure to satisfy any of the three prongs of the *Pierce* test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of [subsequent] counsel.

Thus, if the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of [subsequent] counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the *Pierce* test [*i.e.*, the reasonable basis and prejudice prongs] as applied to [subsequent] counsel.

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (citations omitted and formatting altered).

As we have stated herein, the PCRA court erred in concluding that Appellant could not raise claims of ineffective assistance of prior PCRA counsel for the first time in his *pro se* Rule 1925(b) statement. **See** PCRA Ct. Op., 9/14/22, at 4; **cf. Parrish**, 273 A.3d at 1002; **Bradley**, 261 A.3d at 405.

However, we conclude that Appellant failed to properly develop his layered ineffective assistance of counsel claims. Notably, Appellant failed to discuss the reasonable basis and prejudice prongs of the legal standard to establish counsel's ineffectiveness with respect to trial counsel's alleged

---

[10] **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987); **see also Sandusky**, 203 A.3d at 1043 (same).

omissions for each of Appellant's PCRA claims. ***See Parrish***, 273 A.3d at 1004 n.11. Appellant's failure to develop his underlying claims of trial counsel ineffectiveness in and of itself provides sufficient legal support for this Court to conclude that Appellant is not entitled to relief.[11] ***See Chmiel***, 30 A.3d at 1128. We further observe that Appellant has failed to present any argument as to the reasonable basis and prejudice prongs regarding prior PCRA counsel for all of his claims. Accordingly, Appellant's five layered ineffectiveness claims fail because Appellant has not developed his assertions beyond bald

_____

[11] Additionally, Appellant waived the arguable merit prong to establish ineffectiveness as part of his layered ineffectiveness claim concerning the legality of his sentence against both trial counsel. Appellant's counsel attempts to incorporate by reference, twenty-five pages of Appellant's rambling *pro se* 1925(b) statement concerning his apparent challenge to the validity and constitutionality of 18 Pa.C.S. §1102, which Appellant contends would void any authority for his continued incarceration imposed by his life sentence. Counsel concedes that Appellant's *pro se* arguments are not clear and sought to incorporate portions of Appellant's *pro se* Rule 1925(b) Statement in lieu of developing these issues in the counseled brief. ***See*** Appellant's Brief at 31-33; ***see also*** Rule 1925(b) Statement, 8/29/22, at 6-30 (unpaginated). Therefore, these two issues are also waived because Appellant violated the prohibition against incorporating additional documents into an appellate brief by reference. ***See Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011) (holding that "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief" and violation of these rules results in waiver). Further, as counsel has acknowledged, Appellant's *pro se* arguments are confusing and unclear, therefore these unintelligible claims are incapable of our appellate review in that this Court will not develop Appellant's arguments for him. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant" (citation omitted)). Accordingly, no relief is due.

allegations. *See Bradley*, 261 A.3d at 402; *see also Parrish*, 273 A.3d at 1004 n.11; *Sandusky*, 203 A.3d at 1043-44.

Accordingly, we conclude that Appellant is not entitled to relief on any of his claims of layered ineffectiveness.

## Conclusion

For these reasons, we discern no error nor abuse of discretion by the PCRA court in denying Appellant's petition and affirm the PCRA court's order denying relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023